Etoile De Loraz, Respondent, *v.* Fanny Davenport McDowell, Appellant.

*Breach of contract of employment — offer of another employment — mitigation of damages — not an absolute defense.*

An offer of employment for an indefinite period, even if applicable in mitigation of damages, is not a defense to the entire cause of action, set forth in an action brought by an employee against his employer to recover damages for the breach of a contract of employment for a definite period.

Hence, when in such an action the defendant does not rely upon the plaintiff's refusal to accept such different offer of employment as a plea in mitigation of damages, but claims it to be an absolute defense to the entire cause of action, and on the trial, the engagement and discharge are not contested, and each side requests the court to direct a verdict, and the defendant makes no request to go to the jury on the question of damages, it is proper for the court to direct a verdict for the plaintiff.

After such failure to request that the case be sent to the jury, the defendant cannot, on appeal, urge his offer of a different employment in mitigation of the damages as distinguished from a complete defense.

Appeal by the defendant, Fanny Davenport McDowell, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of December, 1892, upon a verdict in favor of the plaintiff directed by the court at the New York Circuit, and from an order entered in said clerk's office on the 24th day of December, 1892, denying the defendant's motion for a new trial.

*I. M. Dittenhoefer,* for the appellant.

*George M. Pinney, Jr.,* for the respondent.

O'Brien, J.:

This action was brought to recover damages for the breach of a contract of employment. Plaintiff was engaged by the defendant in London in August, 1890, to perform in the United States the part of " Iras," in the play of " Cleopatra," for a season of twenty-eight weeks, commencing October 21, 1890. She was discharged on the eighteenth of August, whereupon this action followed, claim being made for her salary for the entire twenty-eight weeks.

The engagement and discharge were not contested on the trial, but as a defense, evidence was introduced to show that subsequent

to the breach defendant requested the plaintiff to come from England to this country upon an offer to take parts in plays other than "Cleopatra" until such time as the latter was produced. This offer was cabled to plaintiff and agreed to, provided the engagement should be for twenty-eight weeks certain, and thereupon the position of defendant was defined in a letter from the counsel of the defendant to the counsel for the plaintiff, as follows:

"Without acknowledging an agreement and for the purpose of avoiding litigation, Miss Davenport will take Miss De Loraz for her season commencing about the twenty-eighth of October, on the terms and salary Miss Davenport informed Miss De Loraz she would be willing to execute an agreement. She will not bind herself to twenty-eight weeks, though the prospect is that the season may last that long. She is to appear in such plays as Miss Davenport may produce prior to 'Cleopatra,' and subsequently in 'Cleopatra.'"

The respective positions of the parties at this date, therefore, was that the plaintiff was willing to modify the agreement so as to take part in plays other than "Cleopatra," provided the engagement was for the same definite period of twenty-eight weeks. Defendant, however, refused to make the engagement for twenty-eight weeks certain, as was provided in the original agreement, or to name any definite time for the duration of the proposed new engagement. This being the condition of the evidence at the close of the case, the defendant moved for a direction of a verdict in her favor, which was denied, and subsequently the plaintiff moved for a verdict, which was granted. No request was made by the defendant to go to the jury upon any question whatever, the case being treated by her and her counsel as raising only a question of law to be passed upon by the court.

It remains, therefore, for us to determine upon this record, whether the indefinite offer made by defendant is a defense to the plaintiff's entire cause of action, for the defendant, having treated the question as one of law only, and having made no request to be allowed to go to the jury, cannot now urge her offer in mitigation of the damages as distinguished from a complete defense.

The learned trial judge, in disposing of the case, said: "The defendant's season might not have lasted long enough to reimburse the plaintiff for her passage money. The plaintiff was willing to

come for the originally stipulated period; but this the defendant refused. And the offer was not even for a less period definitely specified, but for the defendant's season, which might have been long or short, according to the defendant's success or caprice."

*Whitmarsh* v. *Littlefield* (46 Hun, 418) holds that no duty is imposed upon one complaining of a breach of a contract, to surrender all his rights under his agreement and accept a new and different contract with a view to reduce the damages.

The rule of law contended for by the appellant is undoubtedly sound, that when a servant is wrongfully discharged, he must make reasonable efforts to obtain other employment, and credit the master with the amount earned by him in reduction of damages. He is not bound to accept employment of a different character, though it need not necessarily be of exactly the same kind or at the same salary. No fault is to be found with this statement of the rule, but upon the case as it is presented on appeal it has no application. If the defendant, instead of moving for a verdict, had requested to go to the jury upon the damages, then there might be presented a situation calling for the application of the rule. As already noticed, however, the defendant did not rely upon the plaintiff's refusal to accept another and different contract of employment as a plea in mitigation of the damages suffered by the plaintiff, but as an absolute defense to the entire cause of action. In other words, the defendant seeks to maintain that a contract for an indefinite period, terminable at her own will, is as good in the eye of the law as a contract for a certain definite period. This statement alone sufficiently disposes of appellant's contention; nor is there anything in the case of *Bigelow* v. *American Forcite Powder Mfg. Co.* (39 Hun, 599), which is in conflict with this view or with the rule as laid down in *Whitmarsh* v. *Littlefield* (*supra*).

We think, therefore, that both sides having requested the court to pass upon any questions of fact that may have been in the case, and both having relied upon their right to have a verdict directed in their favor, and, as shown, the defendant not being entitled to have such motion granted, and no request having been made to go to the jury upon the question of damages, it was proper, upon the case as it then stood, for the court to direct a verdict for the plaintiff, and in this disposition we find no error.

As there are no other questions presented upon this appeal, the judgment must be affirmed, with costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs and disbursements.