### Wm. B. McKinley v. Leona Goodman.

1. MEASURE OF DAMAGES—*Breach of Contract of Employment.*— Where a person is employed for a certain period, and is discharged without cause before the expiration of such period, if entitled to recover, the measure of damages is the agreed or contract price during the unexpired

McKinley v. Goodman.

period, less any sum such person has earned, or might have earned, by the exercise of a reasonable effort to obtain other employment in the same line or general nature of business.

2. EMPLOYMENT—*Duty of Employe Wrongfully Discharged.*—A person employed for a fixed period, at a particular avocation, if discharged without cause before the expiration of the time of service, is not required to hunt for employment in occupations different in their general nature and character from such avocation.

Assumpsit.—Wrongful discharge. Appeal from the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed November 21, 1896.

*Instructions referred to in the opinion of the court:*

"The court instructs the jury that if you believe from the evidence that the plaintiff, Mrs. Goodman, was employed by the defendant McKinley, to work for a definite or fixed time, at an agreed price, then said defendant could not legally discharge her without her consent or some good cause until the expiration of such time, and if the proof in this case shows that the defendant did discharge plaintiff without her consent, or some good cause, then he is liable to her for the whole time covered by the original agreement, except what plaintiff might have earned, by the use of reasonable effort and diligence, during the unexpired time."

"The court instructs the jury that a person being discharged from employment before the time of their employment expires, if such is shown by the evidence, they are not bound by law to hunt for other employment, only in the line of their business or profession."

GERE & PHILBRICK, attorneys for appellant.

S. F. WHITE, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

Appellee, a resident of Champaign, whose business is that of a cook and caterer, was employed by appellant to run a lunch counter at Bay City, Mich. She claimed the contract was for a term commencing June 15th, and ending September 1, 1894, at $75 per month, and that at the expiration of one month she was discharged without any reasonable cause. This action was to recover damages for breach of such alleged contract. She obtained judgment and appellant appealed.

It was contended by appellant, the appellee quit his service voluntarily and at her own request, but she and her son testified that she was discharged. Other witnesses, and a greater number, testified practically to the contrary, but it would be an assumption of the prerogative of the jury to hold they should have accepted the opposing witnesses as the more creditable or their testimony entitled to the greater weight.

While the action in such cases is not for work and labor done, but for damages for breach of the contract, yet the measure of the damages of the plaintiff, if found entitled to recover, is the agreed or contract price during the unexpired period, less any sum the plaintiff has earned, or might have earned, by the exercise of reasonable effort to obtain other employment in the same line or general nature of business. 2 Greenleaf, Evidence, Sec. 261, and notes. Williams v. Chicago Coal Company, 60 Ill. 154.

The instruction of the court to this effect is approved, and it was also proper to advise the jury, as was done in another instruction, that appellee was not required to hunt for employment in occupations different in their general nature and character from her avocation. Williams v. Chicago, *supra;* 5 Amer. and Eng. Ency. of Law, page 34 and notes. Whether it was required she should accept employment in other capacities, if offered, is not important to be determined, there being no testimony service in other lines was offered to her.

Other complaints are preferred to the instructions given for appellee, but only in minor and unimportant particulars, and are not well taken. The law bearing upon appellant's defense was fairly and fully presented by instructions given at his request. Accepting, as did the jury, the testimony in behalf of the appellee, we find it sufficient to support the verdict and judgment.

It was entirely competent for the court to correct the verdict in the presence of, and with the consent of the jury, as was done. Judgment affirmed.