ANNABELLE HUSSEY *vs.* WILLIAM J. HOLLOWAY & another.

Suffolk. January 14, 1914.— February 27, 1914.

Present: RUGG, C. J., BRALEY, SHELDON, DE COURCY, & CROSBY, JJ.

*Damages,* In contract. *Evidence,* Materiality.

In an action against a milliner for the breach of a contract to employ the plaintiff as trimmer during a certain season at $18 a week, it is no ground for reducing the plaintiff's damages that she refused to accept an offer of the defendant to employ her in a different way, if the offer did not define the work or name the rate of wages or the period of employment.

In an action against a milliner for the breach of a contract to employ the plaintiff as trimmer during a certain season at $18 a week, where upon the issue of damages the jury are instructed that the plaintiff in order to recover for the

loss of her wages as fixed by the contract must show that by the exercise of reasonable diligence she was unable to procure other employment of some kind reasonably adapted to her abilities, it is right for the presiding judge to modify this instruction by adding that "the plaintiff was not obliged to seek employment in another locality, or of a substantially lower grade and character than that from which she was discharged;" and in such a case it is for the jury to decide, upon evidence presenting these questions, whether the plaintiff was justified in declining offers from out of town by reason of her mother's illness, and whether the plaintiff's refusal of offers at $15 a week or of work in an inferior position was warranted by her expectation of early employment at her regular occupation and salary.

In an action against a milliner for the breach of a contract to employ the plaintiff as trimmer during a certain season at $18 a week, where, upon the issue of damages and the question whether the plaintiff used due diligence in attempting to procure other employment, the plaintiff has testified that she was unable to accept offers of work out of town on account of the illness of her mother, evidence of the condition of the plaintiff's mother is competent as bearing on the reasonableness of the plaintiff's refusal to accept employment in another city.

CONTRACT for a breach of a contract to employ the plaintiff as trimmer in the defendants' millinery department in Boston for the spring season of 1910 at $18 a week. Writ dated March 24, 1910.

In the Superior Court the case was tried before *Fox*, J. At the trial the defendants admitted that there had been a breach of the contract, and it was agreed that the only question to be decided was the amount of the damages. The facts which could have been found upon the evidence are stated in the opinion, where also are stated certain instructions given by the judge. At the close of the evidence the defendants asked for the following rulings:

"1. That upon all the evidence the plaintiff is only entitled to recover nominal damages.

"2. That if the jury find that the plaintiff was offered employment by Jackson and Company at the same wages and in the same general line of work as was mentioned in the contract, then the plaintiff cannot recover any damages for the alleged breach of the contract which accrued subsequent to the receipt of the offer.

"3. That if the jury find that the plaintiff was offered employment by Jackson and Company subsequent to the breach of the contract, at the same wages and in the same general line

of work, they must find as a matter of law that the plaintiff was legally bound to accept such employment, and that her failure to accept such offer relieved the defendants of any further liability to compensate the plaintiff for the breach of the contract.

"4. That the plaintiff is bound as a matter of law to accept any offer of work made by the former employer, if the wages and employment offered are the same as those provided in the contract.

"5. That the jury must consider in mitigation of damages the offer of the defendants to employ the plaintiff in the same general line of employment and at the same wages as originally provided for.

"6. That in order for the plaintiff to recover for the loss of wages as fixed by the contract the jury must find that the plaintiff was unable to procure by the exercise of proper industry other employment of some kind reasonably adapted to her abilities.

"7. That the plaintiff was bound as a matter of law to use due care and diligence after the termination of her employment to secure other employment of some kind reasonably adapted to her abilities.

"8. That if the jury find that the plaintiff was offered employment at $15 a week in the same general line of work as she was employed in at Jackson and Company, then they must find as a matter of law that the amount which the plaintiff could have earned by such employment must be deducted from the amount of damages which they may award.

"9. That the plaintiff was obliged as a matter of law to accept any employment offered her at $15 a week, if the work was of the same general nature as the work which was provided for in the contract.

"10. That if the plaintiff did not accept such employment, such wages as she would have earned by the acceptance of such employment must be deducted from the amount which she is entitled to recover.

"A. That it was the right of the defendants to call upon the plaintiff to serve them in the same line of business as the original employment and her refusal to take such service operates to diminish her damages.

"B. That the plaintiff must use honest, earnest and intelligent effort to find employment of some kind reasonably adapted to her

abilities and if you are satisfied that the defendants offered her such employment then she is not justified in refusing to accept it because her work was to be under the supervision of a head trimmer and Mrs. Cooksey, the milliner.

"C. That the plaintiff's damages must be diminished in the amount that she would have been obliged to pay a nurse to care for her mother or do other work which she was able to do and did do while out of employment during the time covered by this contract."

The judge gave as instructions the sixth and seventh rulings requested by the defendants, but refused to give the remaining rulings, except as incorporated in his charge. The jury returned a verdict for the plaintiff in the sum of $419.04, of which amount $40 afterwards was remitted by requirement of the judge. The defendants alleged exceptions to the refusal of the judge to give the rulings requested and to the admission of evidence of the physical condition of the plaintiff's mother.

*W. U. Friend,* for the defendants.

*W. R. Bigelow,* (*L. L. Green* with him,) for the plaintiff.

DE COURCY, J. The defendants agreed to employ the plaintiff for the spring season of 1910 as trimmer in their millinery department. In the Superior Court they admitted that there had been a breach of this contract on their part, and the trial proceeded on the issue of damages. The case is here on exceptions to the refusal of the judge to give several rulings requested by the defendants, and to the admission of certain testimony.

It appeared in evidence that the season began about February 15, 1910. On February 14 the defendants wrote to the plaintiff notifying her that they would not re-engage her. To this she replied that she would treat the letter as a breach of their contract, and would hold them responsible in damages. On February 19 they wrote to her:

"After due consideration of yours of the 16th inst. we beg to advise you we shall expect you to report at the store Monday a. m. February 21st. We have, however, a head trimmer and your work will be under the supervision of this head trimmer, and Mrs. Cooksey."

The plaintiff testified that she regarded this letter as an afterthought and as not written in good faith; that the defendants

never kept more than one trimmer, and that she was wanted for the inferior and lower salaried position of a hat maker; and that she believed they would let her go again in a few days. One of the defendants admitted that they needed but one trimmer, and intimated that the plaintiff's work would be that of a maker.

There was also evidence to warrant the finding of the following facts. After her letter of February 24 to the defendants, the plaintiff applied to the various wholesale houses and to some of the retailers for employment. On March 14, she was offered a position as copyist at $15 a week, but declined it as she had never worked for less than $18 and sometimes received $20, and was hoping to get employment at her regular pay. On that same day she was employed at Kornfeld's, and worked there from Tuesday until Saturday night at $3 a day. After that no position was obtainable in Boston, as it was too late in the season, and she was unable to accept those offered out of town on account of the condition of her invalid mother.

The presiding judge fully and correctly instructed the jury on the general rule of damages applicable in such cases. There were two portions of the evidence that called for more specific instructions, namely, the defendants' letter of February 19, and the testimony relating to the plaintiff's refusal to accept certain offers of employment. As to the letter, the judge expressly said to the jury, "there is no question that if she had been offered definitely her old employment for the term and for the wages for which she was engaged, that her absolute refusal to accept that should be regarded as a bar for any further claim for damages beyond the date when that refusal was sent in." And he properly left it to the jury to say as a matter of fact whether the letter constituted such an offer. If the defendants really had intended to restore to the plaintiff her old position, they easily could have said so. The letter, however, did not state what the new work was to be, nor the wages, nor the term of employment; and the jury well might regard such an offer, terminable at will, as one not equivalent to the plaintiff's former contract, which was for a definite period and in a superior position. The plaintiff was not obliged to accept a modification of the original agreement. *De Loraz* v. *McDowell,* 68 Hun, 170, 172, affirmed in 142 N. Y. 664. *Chisholm* v. *Preferred Bankers' Life Assurance Co.* 112 Mich. 50.

*People's Co-operative Association* v. *Lloyd,* 77 Ala. 387. *Trawick* v. *Peoria & Fort Clark Street Railway,* 68 Ill. App. 156.

With reference to the plaintiff's duty to make efforts to secure other employment after her dismissal from the service of the defendants, the presiding judge, as a portion of his instructions, read the following from the opinion of this court in *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1: "Where one is under contract for personal service, and is discharged, it becomes his duty to dispose of his time in a reasonable way, so as to obtain as large compensation as possible, and to use honest, earnest and intelligent efforts to this end. He cannot voluntarily remain idle and expect to recover the compensation stipulated in the contract from the other party." He also gave the sixth ruling requested, namely, "In order for the plaintiff to recover for the loss of wages as fixed by the contract the jury must find that the plaintiff was unable to procure by the exercise of proper industry other employment of some kind reasonably adapted to her abilities." This fully protected the rights of the defendant. Indeed, it might be regarded as too favorable, unless taken in connection with the further ruling, given at the request of the plaintiff and not excepted to by the defendant, that "the plaintiff was not obliged to seek employment in another locality, or of a substantially lower grade and character than that from which she was discharged." The principle on which the plaintiff's damages were allowed was that of compensation. And while it was her duty to use reasonable diligence to secure other employment and thereby lessen her loss, it has generally been held that where, as in this case, a plaintiff was employed in a special service, she is not obliged to engage in a business that is not of the same general character, in order to mitigate the defendant's damages. It was for the jury to determine as questions of fact whether the plaintiff did exercise such reasonable diligence, whether she was justified in declining offers of employment out of town by reason of her mother's illness, and whether the refusal of offers at $15 a week or of work in an inferior position was warranted by her expectation of early employment at her regular occupation and salary. *Williams* v. *Chicago Coal Co.* 60 Ill. 149. *Fuchs* v. *Koerner,* 107 N. Y. 529. *Jackson* v. *Independent School District,* 110 Iowa, 313. *McKinley* v. *Goodman,* 67 Ill. App. 374.

The specific requests of the defendants, so far as not covered by what has been said, may be disposed of briefly. The second, third and fourth omitted the element of the term of the new employment, substituting a contract terminable at will for the original one, and were rightly refused. The fifth, so far as supported by the evidence, was properly covered. The sixth and seventh were given in terms. The eighth, ninth, tenth, A, and B involved questions of fact as already stated, such as the kind and place of employment; and rightly were submitted to the jury. C was given in substance.

As to the evidence with reference to the condition of the plaintiff's mother, it was at least competent as bearing on the reasonableness of the plaintiff's refusal to accept employment in Fall River.

*Exceptions overruled.*