CHARLES OSADCHUK *vs.* HARRY GORDON & others.

Suffolk.    January 8, 1925. — February 28, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, & PIERCE, JJ.

*Contract,* Performance and breach, Of employment. *Practice, Civil,* Variance. *Damages,* Mitigation.

The declaration in an action for breach of a contract of employment was based upon a contract in writing under which the plaintiff was to work for the defendant "in the capacity of assistant supervisor of manufacture, boss knitter and machinist," and agreed to "devote his entire time to the faithful performance of the services . . . stated . . . which shall benefit the business of the Company." The declaration contained three counts. In the first count the plaintiff alleged that he devoted his entire time to the work; in the second count he alleged that he devoted his entire time excepting absences on account of sickness of his wife; and in the third count he alleged that he devoted his entire time excepting absences on account of sickness of his wife and of himself. The defendant discharged the plaintiff during the term of the contract. Findings by an auditor and evidence outside his findings at the trial of the action were to the effect that the absences mentioned in the second and third counts were with the consent of the defendant and that the defendant waived them as breaches, and that the plaintiff faithfully performed all the duties called for by the contract. The defendant moved generally without specification of reasons for a verdict in his favor. The motion was denied. There was a verdict for the plaintiff. *Held,* that

(1) The verdict was warranted;

(2) No fatal variance was shown;

(3) It could not be ruled as matter of law either that "supervision of manufacturing required supervision of all the departments of manufacture" or that there was "no evidence that the plaintiff performed fully his duties under this contract" and that he could not therefore recover; or that there was "no evidence that the plaintiff performed fully his duties as assistant supervisor of manufacture" under the contract, and that he therefore could not recover.

The plaintiff in the action above described, after being discharged, sought employment from one with whom he entered into a partnership agreement, and afterwards continued in business, first for himself and then with other parties in a kind of employment or business with which he was familiar. The defendant sought mitigation of damages, and it was *held,* that

(1) The plaintiff was not bound to engage in a business that was not of the same general character, nor at a different locality;

(2) The question, whether the plaintiff had used reasonable diligence, and had done the best that he could under prevalent mercantile conditions and opportunities for obtaining employment, was one of fact for ·

the jury, who were properly instructed to allow such deductions as the evidence warranted, if any, from the fair value of the plaintiff's contract of service.

CONTRACT, with a declaration as amended in three counts, for damages resulting from a breach of a contract of employment. In the first count the plaintiff alleged that he devoted his entire time to the work; in the second count he alleged that he devoted his entire time excepting absences on account of sickness of his wife; and in the third count he alleged that he devoted his entire time excepting absences on account of sickness of his wife and of himself. Writ dated July 6, 1920.

In the Superior Court, the action was tried before *Broadhurst*, J. Material evidence and findings by an auditor to whom the action was referred are described in the opinion. At the close of the evidence, the defendants moved generally and without specification of reasons for a verdict in their favor. The motion was denied. The defendants then asked for the following rulings:

"1. Upon the pleadings and the evidence the plaintiff is not entitled to recover in this action.

"2. There is a material variance between the plaintiff's pleadings and the proof, and the plaintiff cannot therefore recover in this action."

"4. Supervision of manufacturing required supervision of all the departments of manufacture."

"6. There is no evidence that the plaintiff performed fully his duties under this contract and he cannot therefore recover in this action.

"7. There is no evidence that the plaintiff performed fully his duties as assistant supervisor of manufacture under this contract and he cannot therefore recover in this action.

"8. There is no evidence that the plaintiff did use reasonable efforts to obtain other employment.

"9. On all the evidence the plaintiff is not entitled to recover more than nominal damage, if any, in this action.

"10. The auditor's ruling that in what he did do the plaintiff fully performed the services required of him is erroneous and should be disregarded by the jury.

"11. The auditor's ruling that 'the plaintiff's discharge was wrong under the circumstances' was erroneous and should be disregarded by the jury.

"12. The auditor's finding that the plaintiff's work upon the machines was by express direction of the defendants does not excuse the plaintiff's failure to perform other duties imposed by his contract; and said finding is immaterial under the pleadings and does not help the plaintiff.

"13. The auditor's finding that there was no complaint or objection made by the defendants to the plaintiff that he was not performing all services called for by the contract is immaterial under the pleadings and does not help the plaintiff.

"14. The auditor's finding that 'no diminution in efficiency in the operation or output of the factory, or damage, was shown to have been suffered by the defendants by his not assisting in the supervision of the manufactured goods in these departments' is immaterial and should be disregarded by the jury."

The rulings were refused. There was a verdict for the plaintiff in sum of $12,952.60. The defendants alleged exceptions.

The case was submitted on briefs.

*M. Witte & F. P. Garland,* for the defendants.

*W. P. Murray & M. Ruane,* for the plaintiff.

BRALEY, J. This is an action of contract to recover damages for breach of a written contract of personal employment. The plaintiff obtained a verdict, and the defendants bring the case here on exceptions to the denial of their motion for a directed verdict, and to the refusal of the judge to give their requests for rulings.

The defendants, who were manufacturers of sweaters, cloth and knit goods under the firm name of the Suffolk Knitting Company, purchased of the plaintiff, also a manufacturer of sweaters, his machinery and stock in trade. But before the plaintiff began business for himself he had been employed for many years by the defendants as an expert machinist, and by reason of experience he had become familiar with the making of goods in which they dealt.

It was under these circumstances that the parties November 29, 1919, entered into a contract under which the plaintiff was hired for a period of three years and one month beginning December 1, 1919, at a fixed compensation of $85 a week, with additional compensation in the form of a commission of one half of one per cent of the net sales in each year, "which amount shall be determined by deducting from gross sales of all manufactured products the amount allowed for discount and for returned goods." If the total amount did not produce an average weekly income of $150, the defendants undertook to make up the deficiency. The plaintiff, who was to act "in the capacity of assistant supervisor of manufacture, boss knitter, and machinist," agreed to "devote his entire time to the faithful performance of the services . . . stated . . . which shall benefit the business of the Company." He began work December 1, 1919, and remained in the defendants' service until May 3, 1920, when, as the jury on conflicting evidence could find, he was discharged. The plaintiff contends, that not having committed any breach himself the discharge was wrongful.

The defendant Barron as a witness admitted that he had general supervision of the entire plant, and gave directions to the plaintiff concerning work required of him. And the auditor, whose reports were properly before the jury, finds, that the plaintiff faithfully performed all the duties of a machinist, boss knitter, and assistant supervisor of manufacture as well as attending to the efficient operation of the knitting machines, and that he was ready and willing to continue to perform his contract except for the acts of the defendants in terminating his employment. The evidence exclusive of the auditor's reports also warranted a finding that no valid objection or complaint was made by the defendants concerning the extent of the duties the plaintiff actually performed, and that, acting under their control and direction, obedience to their demands required all of his time, and he was under no contractual obligation to do more. The affirmative answer of the jury to the inquiry of the judge, "I take it . . . that you found that the plaintiff had fully performed his contract with respect to services as

assistant supervisor of manufacture," is supported by the record. While on this issue the burden of proof under *Stark* v. *Parker,* 2 Pick. 267, rested on the plaintiff, the question on all the evidence was for the jury whether his occasional absence during the somewhat prolonged illness of his wife and until her death, was with the express permission of the defendant Barron who was acquainted with the circumstances. It also was a question of fact whether the plaintiff's absence for three days when unable to work because of an attack of influenza was not waived by the defendants who made no objection to his return, but continued to employ him as provided in the contract. *Farlow* v. *Ellis,* 15 Gray, 229, 231, 232. The evidence of the plaintiff as well as the auditor's reports warranted a finding in his favor on these questions.

It follows from what has been said that the jury could find the defence of justification had not been sustained. *Sipley* v. *Stickney,* 190 Mass. 43. *Mountford* v. *Cunard Steamship Co. Ltd.* 202 Mass. 345. *Frati* v. *Jannini,* 226 Mass. 430.

We discover no fatal variance, as the defendants urge, between the evidence, and the allegations of the declaration as finally amended.

The motion for a directed verdict, and the defendants' second, fourth, sixth and seventh requests were rightly denied. *Ransom* v. *Boston,* 192 Mass. 299, 307; S. C. 196 Mass. 248.

The defence in mitigation of damages is, that the plaintiff after his discharge could have obtained employment but voluntarily preferred to remain idle. Therefore the question is, whether it could be found that he either obtained, or could have procured, employment to which he was adapted. In the absence of such proof the plaintiff is entitled to recover the compensation named in the contract. See *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6, 7, and cases there collected. The plaintiff testified, that after his discharge he sought reëmployment by the defendants, but, the application being unsuccessful, he went to one Wallace, a manufacturer of sweaters, and "asked Wallace if he could get something for him to do." The interview resulted in an

agreement between the plaintiff and Wallace to become partners, and the partnership lasted from May 9, 1920, to April, 1921. The plaintiff then went into business for himself until February, 1922, and has since continued to carry on business with other partners. In cross-examination he was asked if he had solicited employment from certain knitting companies enumerated by defendants' counsel, and replied, that he did not, but sought employment only from Wallace with whom he entered into partnership nine days after he left the defendants. It is plain that, if the jury believed him, he did not remain idle, but worked as a partner with Wallace, and afterwards for himself, and then with other partners in a kind of business or employment as the auditor reports with which he was familiar. The plaintiff was not bound to engage in a business that was not of the same general character, nor at a different locality, and the question, whether he had used reasonable diligence, and had done the best that he could under prevalent mercantile conditions and opportunities for obtaining employment appearing in the evidence, was one of fact for the jury, who were properly instructed to allow such deductions, if any, as the evidence warranted, from the fair value of the plaintiff's contract of service. *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 7, 8. *Costigan* v. *Mohawk & Hudson Rail Road,* 2 Denio, 609.

The eighth and ninth requests could not have been given. The tenth, eleventh, twelfth, thirteenth and fourteenth requests relating to alleged rulings and findings by the auditor, and the effect to be given to his reports by the jury, were, in so far as pertinent, fully and appropriately covered by the instructions to which the defendants did not except. *Fair* v. *Manhattan Ins. Co.* 112 Mass. 320, 328. *Tripp* v. *Macomber,* 187 Mass. 109. *Jaquith* v. *Morrill,* 204 Mass. 181. *Zembler* v. *Fitzgerald,* 234 Mass. 236. *Title Guaranty & Surety Co.* v. *Fred T. Ley & Co. Inc.* 238 Mass. 113. *King* v. *Freedman,* 239 Mass. 560.

*Exceptions overruled.*