ISRAEL E. LEVINE *vs.* LAWRENCE & COMPANY INC.

Suffolk.    November 9, 1939. — February 5, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Damages*, For breach of contract, Mitigation. *Evidence*, Presumptions and burden of proof.

No ground appeared on the record for disturbing findings by an auditor, whose findings were to be final, that upon discharge of the plaintiff from the defendant's employment after eight weeks, in breach of the parties' contract for employment for two years, the plaintiff's earnings during the eight weeks were a fair criterion of what he could have earned during the remainder of the two years, and that certain uncollectible accounts, deductible under the contract, would have been a specified amount during the remainder of the two years.

On facts found by an auditor, whose findings were to be final, his application of the rule of law that the burden of proving what an employee could have earned elsewhere after his wrongful discharge was on the employer seeking a mitigation of damages caused by the discharge, and his refusal to allow a mitigation showed no error.

Where by a contract of employment a salesman warranted to his employer payment of all accounts of his customers and deposited security therefor, a release by the employer of the security upon wrongful discharge of the employee did not preclude a deduction for future uncollectible accounts in the assessment of damages sustained by the employee due to the wrongful discharge.

CONTRACT. Writ in the Superior Court dated November 2, 1934.

Upon the report of the auditor, *Burns*, J., ordered judgment for the plaintiff in the sum of $4,700.39. Both parties alleged exceptions.

*J. T. Pugh*, for the defendant.

*A. Sigel*, for the plaintiff.

LUMMUS, J.   This is an action for breach of a written contract, brought by a salesman who sold liquor for the defendant upon a *del credere* commission.   The case came before the judge upon the report of an auditor whose findings of fact were to be final.   In a case so presented, it is elementary that requests for rulings, which abound in one of the bills of exceptions, have no technical standing but merely encumber the record.   *Howland* v. *Stowe,* 290 Mass. 142, 146.   *Kamberg* v. *Springfield National Bank,* 293 Mass. 24, 25.   *Pittsley* v. *Allen,* 297 Mass. 83, 85.   *Antoun* v. *Commonwealth,* 303 Mass. 80.   *Nutter* v. *Mroczka,* 303 Mass. 343, 347.   *D'Olimpio* v. *Jancaterino,* 304 Mass. 200, 202.

The contract was made on August 10, 1934, and was to run until August 10, 1936.   The plaintiff claims damages only to that date.   In fact, the parties acted under the contract only about eight weeks, until October 5, 1934, when, as the auditor finds, the defendant broke the contract, forbade the plaintiff to buy goods in the defendant's name as the contract provided, and gave the plaintiff to understand that their relations were ended.   That finding does not purport to be a mere inference from subsidiary facts fully stated.   Nothing inconsistent with it appears in the report.   That finding must stand.   See *Keefe* v. *Johnson,* 304 Mass. 572, and cases cited.

If it be material to determine whether the relation between the parties was that of principal and agent, or seller and buyer, we think that the auditor was correct in finding it the former.   The contract was broken, and the plaintiff became entitled to such damages as he could prove.   The auditor found that the period from August 10, 1934, to October 5, 1934, was no better than the average of the year in the liquor business, and that the results of the plaintiff's efforts during that period constitute a proper criterion of what he could have earned during the remainder of the life of the contract.   On that basis, he found that if the contract had not been broken the plaintiff would have earned $10,824.96 in addition to his earnings during the period from August 10, 1934, to October 5, 1934.   The evidence showed that after the contract was broken, the plain-

tiff tried for a few weeks to go back to his former liquor business, but without success. The evidence did not show what efforts he made after that, nor what he earned or could have earned in other employment. The period, as is well known, was one of business depression. Applying the rule that the burden is on the defendant to show what the plaintiff could have so earned (*Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6, 7), the auditor declined to make any deduction in damages to allow for such possible earnings. He did allow as a deduction $7,087.07 for uncollectible accounts of the plaintiff's expected business for the remainder of the period of the contract, the plaintiff having warranted the payment of all accounts. We agree with the judge that a release, given by the defendant to the plaintiff of certain choses in action pledged with the defendant to secure payment of uncollectible accounts arising from sales actually made by the plaintiff, did not prevent the making of an allowance for future uncollectible accounts in computing the plaintiff's probable future earnings for the purpose of assessing damages for breach of contract. The auditor assessed damages in the sum of $3,737.89 ($10,824.96 less $7,087.07), plus interest from the date of the writ.

We have examined the twenty-six written objections to the auditor's report, brought in by the defendant (Rules 89, 90 of the Superior Court [1932] ), but we find nothing requiring special discussion. The burden of the defendant's argument is that the brevity of the plaintiff's experience under the contract, and the possibility that the plaintiff would fail to sell enough to satisfy the contract or that he would be unable to finance it, were not sufficiently considered by the auditor in assessing the damages; that the damages were assessed upon the most optimistic basis, without sufficient allowance for adverse elements in the situation. We cannot say, however, that the auditor was wrong, or that the judge was wrong in accepting his result. In assessing damages in a case like this, much must be left to judgment, for exact computation is impossible. *Hawkins* v. *Jamrog,* 277 Mass. 540. *Parker* v. *Levin,* 285 Mass. 125, 129. *Potier*

*v. A. W. Perry, Inc.* 286 Mass. 602, 606, 607. *Wrobel v. General Accident Fire & Life Assurance Corp. Ltd.* 288 Mass. 206, 211. *Piper v. Childs,* 290 Mass. 560, 563. We find no error in ordering judgment for the plaintiff in the sum found by the auditor.

*Plaintiff's exceptions overruled.*
*Defendant's exceptions overruled.*