JOHN L. McKENNA vs. COMMISSIONER OF MENTAL HEALTH
& another.

Suffolk.    May 5, 1964. — June 23, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Damages,* Back pay, Mitigation of damages.    *Public Employment.    Veteran.    Evidence,* Presumptions and burden of proof.

The principle of mitigation of damages was applicable to a veteran public
employee, not the holder of a public office, seeking to recover in a man-
damus proceeding under G. L. c. 249, § 5, as amended through St. 1949,
c. 176, salary lost through a wrongful discharge from his position.
[676]

In a proceeding by an employee against his employer seeking damages for
a wrongful discharge, the employer has the burden of proof on the
issue of mitigation of damages.    [677]

A veteran reinstated in a mandamus proceeding under G. L. c. 249, § 5,
as amended through St. 1949, c. 176, to his position as special attendant
at a State hospital following his discharge in violation of c. 30, § 9A,
was entitled to be paid his full salary for the period between his dis-
charge and his reinstatement where the respondent showed that the
petitioner had made no effort to obtain other employment during that
period but failed to show the amount which in the exercise of proper
diligence he could have earned in other employment.    [677]

PETITION for a writ of mandamus filed in the Supreme
Judicial Court for the county of Suffolk on June 5, 1963.

After transfer to the Superior Court the respondents ap-
pealed from an order by *Moynihan,* J.

The case was submitted on briefs.

*Edward W. Brooke,* Attorney General, *& Nelson I. Crow-
ther, Jr.,* Assistant Attorney General, for the respondents.

*Francis C. McKenna* for the petitioner.

REARDON, J.    This is a petition for a writ of mandamus
to compel the Commissioner of Mental Health and the su-
perintendent of Cushing Hospital to restore the petitioner
to his position at the Cushing Hospital without loss of com-
pensation.    See G. L. c. 249, § 5.    On July 30, 1963, a judge

of the Superior Court ordered the writ to issue and the petitioner was reinstated. On September 18, 1963, the judge ordered further that McKenna be reinstated as of December 11, 1962, and be paid his salary by "the respondent" at the rate of $15.65 a day from the date of discharge to that of his return to work, for a total of $2,566.60. From this latter order the respondents appealed.

The petitioner, a veteran, who had been a special attendant at Cushing Hospital for more than three years, was discharged by letter as of December 11, 1962, for dereliction of duty. Because he was not given a copy of G. L. c. 31, §§ 43, 45, and 46A, or a hearing before the appointing authority, the judge ruled the discharge to have been in violation of G. L. c. 30, § 9A.[1]

The petitioner was reinstated as of July 27, 1963. In proper circumstances a petitioner can recover back salary incident to a writ of mandamus ordering reinstatement to employment. *Chartrand* v. *Registrar of Motor Vehicles, ante,* 470, 476–477. At the trial, however, McKenna admitted on cross-examination that he had made no effort to procure any employment following his discharge.[2] For that reason, the respondents contend, he cannot recover for loss of salary.

"Where one is under contract for personal service, and is discharged, it becomes his duty to dispose of his time in

---

[1] "A veteran, as defined in . . . [G. L. c. 31, § 21], who holds an office or position in the service of the commonwealth not classified under said chapter thirty-one, . . . [with exceptions not here relevant], and has held such office or position for not less than three years, shall not be involuntarily separated from such office or position except subject to and in accordance with the provisions of . . . [G. L. c. 31, §§ 43, 45] to the same extent as if said office or position were classified under said chapter." G. L. c. 31, § 43 (a), provides in material part that a person covered by the section, when discharged, "shall be given a written statement of the specific reason or reasons for the . . . [discharge], together with a copy of . . . [G. L. c. 31, §§ 43, 45, and 46A], and shall be given a full hearing before the appointing authority . . . ."

[2] The record discloses the following questions to, and answers by, the petitioner: "Q. Would you tell the Court what you have done since December 11, 1962? What have you done since December 11, 1962? A. I haven't done anything. . . . Q. Absolutely nothing at all? A. Just odd jobs around the house. Q. You haven't been outside the house at all? . . . A. I don't know how to answer that. THE COURT: I think that's an intelligent answer. Q. Have you at any time tried to get any other type of employment? A. No."

a reasonable way, so as to obtain as large compensation as possible, and to use honest, earnest and intelligent efforts to this end. He cannot voluntarily remain idle and expect to recover the compensation stipulated in the contract from the other party." *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6. *Hussey* v. *Holloway,* 217 Mass. 100, 105. See *Osadchuk* v. *Gordon,* 251 Mass. 540, 545; *Levine* v. *Lawrence & Co. Inc.* 305 Mass. 210, 211–212; *Clark* v. *General Cleaning Co. Inc.* 345 Mass. 62, 65; Restatement: Contracts, § 336; Williston, Contracts (Rev. ed.) §§ 1358–1360.

A succinct statement applicable to the status of the employee who has been discharged has been made in Corbin, Contracts, § 1039: "It is not infrequently said that it is the 'duty' of the injured party to mitigate his damages so far as that can be done by reasonable effort on his part. Since there is no judicial penalty, however, for his failure to make this effort, it is not desirable to say that he is under a 'duty.' His recovery against the defendant will be exactly the same whether he makes the effort and mitigates his loss, or not; but if he fails to make the reasonable effort, with the result that his injury is greater than it would otherwise have been, he cannot recover judgment for the amount of this avoidable and unnecessary increase. The law does not penalize his inaction; it merely does nothing to compensate him for the loss that he helped to cause by not avoiding it." See the concurring opinion of Chief Judge Cardozo in *McClelland* v. *Climax Hosiery Mills,* 252 N. Y. 347, 354, 358–359.

The rule requiring reasonable efforts to secure other similar work has been applied to a veteran employed by the city of Boston as a laborer. *Ransom* v. *Boston,* 192 Mass. 299, 307, S. C. 196 Mass. 248, 252–253. A statute and civil service rules analogous to the present G. L. c. 30, § 9A, gave preferential treatment to Ransom as a veteran.

Whatever right the petitioner has to lost salary arises under the 1949 amendment (St. 1949, c. 176) which made G. L. c. 249, § 5, read in material part: "If the petitioner prevails, his damages, including any salary or wages to

which the petitioner may be entitled, shall be assessed
. . . ." See *Chartrand* v. *Registrar of Motor Vehicles,*
*ante,* 470, 476–477. We see nothing in these words to in-
dicate an intended change in the rule of mitigation ap-
plied to a public employee in the *Ransom* v. *Boston* cases.
See *Edgar H. Wood Associates, Inc.* v. *Skene, ante,* 351,
363. And since the petitioner is not the holder of a pub-
lic office (see *Ransom* v. *Boston,* 192 Mass. 299, 306–307;
*Attorney Gen.* v. *Tillinghast,* 203 Mass. 539, 543–545; *Com-
monwealth* v. *Oliver,* 342 Mass. 82, 84), he may not have the
benefit of a doctrine applied in a number of other jurisdic-
tions which allows persons wrongfully deprived of public
offices to recover their full salaries without deduction of
earnings during the period of wrongful deprivation. *Bullis*
v. *Chicago,* 235 Ill. 472, 480. *Andrews* v. *Portland,* 79
Maine, 484, 492. *Fitzsimmons* v. *Brooklyn,* 102 N. Y. 536,
537–539. See 150 A. L. R. 100.

Our cases have indicated, however, that the employer has
the burden of proof on the issue of mitigation of damages.
*Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1, 6–8.
*Osadchuk* v. *Gordon,* 251 Mass. 540, 544–545. *Levine* v.
*Lawrence & Co. Inc.* 305 Mass. 210, 211–212. *Clark* v. *Gen-
eral Cleaning Co. Inc.* 345 Mass. 62, 65. The overwhelming
weight of authority elsewhere places that burden upon the
employer. 134 A. L. R. 242. Williston, Contracts (Rev.
ed.) § 1360. Corbin, Contracts, §§ 1039, 1041. We adopt
that rule. McKenna is entitled to recover his back salary
less what he did in fact earn following his discharge or in
the exercise of proper diligence might have earned in an-
other employment. While the respondents showed that
McKenna made no effort to secure other employment, they
failed to show what he could have earned in other similar
work. He, therefore, is entitled to recover from the Com-
monwealth the sum of $2,566.60. As so modified the order
is affirmed.

*So ordered.*