*Northern District*

No. 7728

**WILLIAM CACI**

v.

**S. D. M. CORPORATION
a/k/a PRELMAC, INC.**

Argued: May 18, 1972 - Decided: June 9, 1972

*Present:* Durkin, P.J., Cowdrey, Mason, J.J.

Case tried to *Parker, J.* in the Third District Court of Eastern Middlesex, No. 643/1971.

**Mason, J.** *This is an action of contract* in which the plaintiff seeks to recover damages from a breach of contract to employ the plaintiff for the period September 1, 1970 to September 1, 1971. The answer is a general denial.

The court found for the plaintiff in the sum of $9,046.16 with interest from the date of the writ.

The defendant filed a motion for a new trial alleging that the court made mistakes of law injuriously affecting the rights of the defendant in that (1) interest should not be awarded upon a portion of the judgment for future damages not discounted; (2) the court failed to allow a credit to the defendant for earnings which the plaintiff could have made and will make during the life of the alleged contract; (3) the finding is against all of the creditable evidence. Claiming to be aggrieved by the denial of the motion for a new trial, the case comes before us by way of a report.

At the trial there was evidence tending to show that the contract was for $14,000.00 for a year's employment and that the plaintiff was paid $1,200.00 per month until January 8, 1971, amounting to a total of $5,353.84 at which time the plaintiff was discharged. The plaintiff testified on direct examination that he had made efforts to seek employment; that he was interviewed at some thirty employment agencies; that he answered a number of advertisements in the daily and weekly papers "in a field anywhere near closely related to my own background"; that he wrote directly to about eight hundred companies and received about one hundred replies most of which were negative, and none of which have culminated in employment. He also testified that at the time of trial (April 27, 1971) he was working at a real estate office "on a part-time basis" while continuing his search for employment, but to date he had not earned any commissions from the real estate business. The defendant introduced no evidence that the plaintiff had earnings or could have earned any amount by the exercise of reasonable diligence.

The defendant does not contend that the plaintiff did not exercise proper diligence in seeking other employment, but that the plaintiff's duty to mitigate damages is a continuing duty up to September 1, 1971, and that the plaintiff's testimony of April 27, 1971 is not dispositive of the issue of damages. The de-

fendant argues that all sums earned up to September 1, 1971 should be deducted from the amount awarded by the court and that interest should not be allowed on the full amount of the finding.

Where a contract to employ the plaintiff for a definite term is broken before the expiration of the term, future damages must be assessed. The cause of action accrues to the plaintiff upon his discharge. The damages for a repudation of a contract are entire and accrue on the date of the breach. *Jewett* v. *Brooks,* 134 Mass. 505.

In estimating damages, the wages which the plaintiff would have earned under the contract should be considered. *Paige* v. *Barrett,* 151 Mass. 67. The measure of damages is determined by the wages which the plaintiff would have earned under the contract, less what he did in fact earn or in the exercise of proper diligence might have earned in other employment. *Maynard* v. *Royal Worcester Corset Co.,* 200 Mass. 1, 6.

The plaintiff's cause of action accrued when he was wrongfully discharged. His action is not for wages but for damages for the breach of his contract by the defendant. For this breach he can have but one cause of action. *Cutter* v. *Gillette,* 163 Mass. 95, 97. The fact that the action was commenced before the date or the happening of the contingency upon which

the contract was to expire does not bar the recovery of the entire damages any more than it would if the writ was dated after the date or time fixed for the termination of the contract. *Eastern Paper & Co.* v. *Herz Manufacturing Corporation,* 323 Mass. 138, 145.

Evidence of the efforts of the plaintiff to secure work subsequent to the breach and what he would have earned during this time if there had been no breach of the contract is properly admitted even if it relates to events occurring after the commencement of the present action. *Irving* v. *Goodimate Co.,* 320 Mass. 454, 461. The plaintiff's recovery against the defendant will be exactly the same whether he makes the effort and mitigates his loss, or not; but if he fails to make the reasonable effort, with the result that his injury is greater than it would otherwise have been, he cannot recover judgment for the amount of this avoidable and unnecessary increase. Corbin, Contracts § 1039. [See: *Hussey* v. *Hollaway,* 217 Mass. 100, 105].

The defendant marked the case for trial and elected to proceed prior to the termination date of the contract.

While it is incumbent upon the plaintiff to attempt to mitigate damages, the burden of proof on the issue of mitigation of damages is on the defendant. The defendant introduced no evidence to sustain that burden. *McKenna*

v. *Commission of Mental Health,* 347 Mass. 674, 677. [See: *Levine* v. *Lawrence & Co., Inc.,* 305 Mass. 210].

The defendant filed no requests for rulings on his motion for a new trial. Questions of law which were or might have been raised at the time of an action cannot be raised as of right on a motion for new trial. *The Haines Corp.* v. *Winthrop Square Cafe, Inc.,* 335 Mass. 152. The denial of a motion for a new trial is discretionary.

The question of discretionary action of a trial judge may be considered by the Appellate Division when it is so clear that the discretion was superseded by an imperative legal duty constituting an error of law. *Bartley* v. *Phillips,* 317 Mass. 35, 43, 44.

No abuse of discretion has been shown nor does the report present an issue for determination in the matters of sufficiency or credibility of evidence. **Report dismissed.**

RICHARD D. CLAREY
for Plaintiff

JAMES A. WHIPPLE
for Defendant