FEDELI PETRONE *vs.* WORCESTER REDEVELOPMENT AUTHORITY. January 4, 1974. This is a petition by a veteran (G. L. c. 31, § 21, as amended through St. 1956, c. 248; G. L. c. 4, § 7, cl. 43, as most recently amended by St. 1968, c. 531, §§ 1 and 2) for a writ of mandamus (G. L. c. 31, § 46A, as amended by St. 1959, c. 569, § 5; G. L. c. 249, § 5, as amended through St. 1949, c. 176) to compel the reinstatement of the petitioner in his position as a "rehabilitation specialist" with the respondent and to recover damages for wages unpaid since the date of the petitioner's discharge. G. L. c. 121B, § 52, as appearing in St. 1969, c. 751, § 1. G. L. c. 31, § 43, as amended through St. 1970, c. 72, §§ 1-5. *McKenna* v. *Commissioner of Mental Health,* 347 Mass. 674, 675-677 (1964). *Police Commr. of Boston* v. *Ciccolo,* 356 Mass. 555, 556-559 (1969). A judge of the Superior Court, after making voluntary findings of fact (later adopted as a statutory report), ordered that a writ issue reinstating the petitioner but ruled that he was not entitled to be reimbursed for unpaid wages. The petitioner has appealed (G. L. c. 213, § 1D, as amended by St. 1957, c. 155; G. L. c. 211A, § 10(*c*), inserted by St. 1972, c. 740, § 1) from so much of the ensuing order for judgment and final judgment (the latter not yet formally entered on the docket) as denied reimbursement for unpaid wages. The case is here on the pleadings, on the judge's findings, rulings and order for judgment, and on designated portions of the reported evidence. There was evidence that .at the time of his discharge the petitioner was the holder of a journeyman plumber's license; that for approximately twenty-five years and until the time of trial the petitioner had owned a plumbing and heating business; that during the period following the petitioner's discharge the going hourly rate for a plumber was considerably higher than the rate at which the petitioner had been paid by the respondent; and that during that period the petitioner had performed some plumbing work ($900 in gross receipts) of a type which he had earlier offered to perform for the respondent (while in its employ) at a rate higher than the one at which he was then being paid by the respondent. On that evidence we cannot say that the judge was plainly wrong (see *Chartrand* v. *Registrar of Motor Vehicles,* 347 Mass. 470, 473 [1964]) in concluding that the petitioner could have earned an amount equal to the pay he was receiving at the time of his discharge. In the circumstances the fact that no plumbing work had been included in the petitioner's duties as a "rehabilitation specialist" was only one of the factors to be considered. See *Hussey* v. *Holloway,* 217 Mass. 100, 105 (1914); *Osadchuk* v. *Gordon,* 251 Mass. 540, 545 (1925). The judge was not required to, and did not, believe that the petitioner was unable for medical reasons to work as a plumber.

*Order for judgment and final judgment affirmed.*

*Richard P. Kelleher* for the petitioner.
*Roger I. Abrams* for the respondent.