Silva, J.
This case arises out of a complaint filed in the Superior Court, wherein Sheila Andrade alleges she was a tenant in a building owned by the defendant, John Jablonski, and that she was injured when the dropped ceiling in the kitchen area fell down. Jablonski brought a third-party action against William Tarentino, his business partner, who was in charge of renovating and maintaining the building, and Walter Balchunas who had installed the light fixture in the ceiling which fell down. Tarentino never entered an appearance and was defaulted. Jablonski alleges that if there was a defect on the premises it was as a result of the negligence of Balchunas in installing a light fixture.
Balchunas filed a Motion for Summary Judgment accompanied by an affidavit in which he stated that he installed electrical wiring and fixtures in the premises but at no time did he “participate in the installation, alteration, design, repair or maintenance of the ceiling” and at no time was he “hired, requested or paid to perform any work on or related to the ceiling, its support, or maintenance.”
Jablonski filed an affidavit in which he alleged that the premises in issue was generally renovated between January and July of 1978 and that during the renovation “Walter Balchunas installed a light in the kitchen dining area;” that *160 a lightweight dropped ceiling was also installed, “though not by Mr. Balchunas.” He further stated in the affidavit that he did not know “what caused the ceiling and light to fall down. It had been all right for at least a year and one-half and for the entire tenancy of the preceding tenant.” The affidavit concludes with the statement that he believed “that either Ms. Andrade did something to the ceiling and/or the light during her tenancy to cause the problem or Mr. Balchunas installed the light fixture in a faulty manner which caused the light fixture to weigh on ceiling supports which were not meant to hold it.”
The Motion for Summary Judgment was allowed. We find no error.
Jablonski argues that it was unfair for the trial judge to deny his motion to supplement his affidavit. The fact that Rule 56 (e) states, in part, that the court “may” permit affidavits to be supplemented, indicates complete judicial discretion in the matter. The question of discretionary action of a trial judge may be considered by the Appellate Division when it is so clear that the discretion was superseded by an imperative legal duty constituting an error of law, Caci v. S.D.M. Corp. 48 Mass. App. Dec. 143, 149, Bartley v. Phillips, 317 Mass. 35, 43, 44. No abuse of discretion has been shown.
Allowance of the motion would not have aided the plaintiffs position as the supplemental affidavit alleged that the plaintiff was an expert in the installation of dropped ceilings, but that he was unable to place specific blame on Balchunas. This statement, coupled with the statement in his original affidavit that he “did not know what caused the ceiling and light to fall down,” indicated that his claim of negligence on the part of Balchunas was without merit.
The plaintiff appears to argue that he should have been permitted to have a trial on the merits, because either the tenant did something to cause the fall, or Balchunas did not install the light properly. Affidavits which merely contain vague and general allegations of expected proof and lack specificity or particularity are insufficient to preclude the granting of a Motion for Summary Judgment. Royal Bank of Canada v. Connolly, et al., 9 Mass. Appt. Ct. 905. “Well pleaded cases and Motions for Summary Judgment supported by affidavits and other materials serve ‘a salutary purpose’ which should not be set at naught where the opposing party merely raises Vague and general allegations of expected proof.’ ” Framingham Clinic, Inc. v. Zoning Board of Appeals of Framingham, 382 Mass. 283 (1981); Community National Bank v. Dawes, 369 Mass. 550, 555-556 (1976); Albre Marble and Tile Co. v. John Bowen Co., 338 Mass. 394, 397 (1959).
The action of the trial judge is affirmed and the report is hereby dismissed.