LoConto, J.
The issue presented in this appeal is the correctness of the trial judge’s (second judge) allowance of the plaintiffs motions to revoke the earlier judge’s (first judge) order of dismissal. The first judge allowed the defendant’s motion to dismiss the plaintiff s complaint for its failure to timely serve the complaint on the defendant. We rule that the second judge’s order to revoke the order of dismissal is an error and order that the dismissal entered on June 10,1991 be reinstated. A procedural history of the case is as follows.
The plaintiff brought this tort action in the Springfield District Court by the filing of a complaint on or about June 22,1987. Service of the complaint was made on the defendant on or about April 18,1991. On or about May 31,1991, the defendant filed a motion to dismiss the action in accordance with District/Municipal Courts Rules of Civil Procedure, Rule 4(j) and marked same for hearing on June 10, 1991. After hearing, wherein neither the plaintiff nor its counsel appeared, the motion was allowed by the first judge and judgment entered accordingly. On or about October 22, 1991, the plaintiff filed a Motion To Revoke Order of Dismissal, For Further Hearing *6 and For Further Reconsideration, and scheduled ahearingfor November 6,1991.The defendant filed a memorandum in opposition to said motions and submitted two affidavits in support thereof. The plaintiff’s motion was unsupported by affidavit. After hearing, the second judge allowed the plaintiff’s motion and revoked the earlier order of dismissal.
The rule of court requires thatfor cases filed before July 1,1988, parties have ninety days to effect service after July 1,1988, or until approximately October 1,1988. If service is not completed within the prescribed period, and good cause to extend the time does not exist, the action shall be dismissed by the court on its own motion or upon motion by the defendant. Shuman v. The Stanley Works, 1990, Mass. App. Div. 6. Further, it is the plaintiff’s burden to demonstrate good cause for any delay in effecting service. Shuman, pg. 7.
The report indicates that at the hearing before the second judge, the plaintiff represented that its counsel had been on vacation at the time of the defendant’s motion to dismiss was scheduled for hearing, and counsel stated that his file had been misplaced. Also, counsel represented that there had been ongoing negotiations with the defendant and between the defendant and its insurer.
As this Division stated in Shuman, supra, it is the plaintiff s burden to demonstrate good cause for any delay in effecting service, and evidence of ongoing settlement negotiations has been held not to constitute good cause. There is no evidence that the plaintiff sought an extension of time in which to effectuate service before the expiration of the time period and this is some evidence of lack of diligence. Shuman, pg. 8.
Where the plaintiff failed to demonstrate good cause for its failure to effectuate service of the complaint on the defendant, the second judge erred in granting the plaintiffs motion to revoke the order of dismissal.