Coven, J.
This is an action in contract to recover a deposit paid by the plaintiff for the purchase of property at a foreclosure auction. The defendant has appealed the trial court’s reconsideration and vacating of its earlier Dist./Mun. Cts. R. Civ. P., Rule 4© dismissal of the action. We review the trial judge’s report of this matter pursuant to Dist./Mun. Cts. R. Civ. P., Rule 64(d).
The plaintiff filed a complaint on February 13,1990. The complaint was not served upon the defendant, however, until May 26,1992, some two years and three months after complaint filing. The defendant moved to dismiss the action on the basis of the plaintiff’s failure to serve the complaint within the ninety day period prescribed by Dist./Mun. Cts. R. Civ. P., Rule 4(j).
In opposition to the defendant’s dismissal motion, plaintiff’s counsel filed an affidavit in which he stated that he had contacted the Massachusetts Office of the Secretary of State and was informed that there was no listing for a resident agent of the defendantfor purposes of service of process in Massachusetts. Plaintiff’s counsel further averred that the agent of the defendant, a local attorney who had represented the defendant at the foreclosure sale, failed to provide plaintiff’s counsel with the defendant’s address within ninety days of the filing of the complaint so as to permit timely service; and that the defendant’s attorney/agent did not contact plaintiff’s counsel until May, 1992, when he advised plaintiff’s counsel that service could be made upon the defendant in California. After service was completed, plaintiffs counsel learned that the defendant had been placed under the conservatorship of the Resolution Trust Corporation.
Based on the defendant’s motion and the affidavits of both plaintiff s and defendant’s counsel, the trial court allowed the defendant’s Rule 4(j) dismissal motion, after hearing, on August 4,1992.
On August25,1992, the plaintiff moved for a rehearing of the defendant’s dismissal motion on the basis of “newly discovered documentation which proves that the Defendant was duly served in accord with the Massachusetts Long Ann Statute.”[1] On September 8,1992, the trial court allowed the plaintiffs motion for rehearing, and vacated its August 4,1992 dismissal on the grounds that the plaintiff had shown good cause why service was not made in the time required under the rule.
The trial court subsequently denied the defendant’s motion for reconsideration of the September 8,1992 order. The defendant now claims to be aggrieved by the trial court’s allowance of the plaintiffs motion for rehearing and reversal of its earlier Rule *63 4 O') dismissal of the action.
Rule 40) of the Dist./Mun. Cts. R. Civ. P. states:
If a service of the summons and complaint is not made upon a defendant within ninety days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
Good cause is measured, pursuant to this rule, by “a stringent standard requiring diligent, albeit unsuccessful, effort to complete service within the period prescribed by the rule.” Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991). If Rule 4(j) is to have any meaning, the delay of two years and three months in the plaintiffs service of process in this case cannot be countenanced.
The plaintiffs efforts to effect service were half-hearted at best and wholly inadequate to establish good cause for his non-compliance with the ninety-day service requirement. Braxton v. United States, 817 F.2d 238 (3rd Cir. 1987); United States for Use and Benefit of DeLoss v. Kenner General Contractors, Inc., 764 F.2d 707 (9th Cir. 1985). [2] Plaintiff’s counsel even neglected to file a request for an extension of time for completing service pursuant to Dist./Mun. Cts. R. Civ. P., Rule 6(b). A failure to file a Rule 6 (b) motion is itself evidence of a lack of diligence under Rule 4 (j). Shuman v. The Stanley Works, supra at 953.
There is no suggestion herein that the defendant deliberately attempted to evade service so as to provide good cause for the plaintiff’s non-compliance with the time requirements of Rule 4 (j). Wei v. State of Hawaii, 763 F.2d 370 (9th Cir. 1985). Absent evidence of the defendant’s blatant efforts to frustrate service, the plaintiffs burden is a heavy one to establish good cause for a failure to effect timely service. Winters v. Teledyne Movable Offshore Inc., 776 F.2d 1304 (5th Cir. 1985).
Given the plaintiff’s failure to sustain his burden of establishing good cause for his delay in serving the defendant, the trial court was correct, in the first instance, in dismissing the plaintiff’s complaint pursuant to Rule 4(j). No new evidence was thereafter presented to the court in conjunction with the plaintiff’s motion for rehearing to warrant the court’s reversal of its initial allowance of the defendant’s motion to dismiss. The court’s vacating of the dismissal upon the plaintiffs rehearing motion thus constituted an abuse of discretion. Bartley v. Philips, 317 Mass. 35, 43-44 (1944); Western Mass. Elec. Co. v. R. E. White Construc. Co., 1993 Mass. App. Div. 5 (1993); Caci v. S.D.M. Corp., 48 Mass. App. Dec. 143, 149 (1972). See also Dewing v. J. B. Driscoll Ins. Agency., 30 Mass. App. Ct. 467 (1991).
The trial court’s allowance of the plaintiff’s motion for rehearing is reversed, and the court’s initial entry of dismissal “without prejudice” is hereby reinstated.
So ordered.

 Plaintiffs counsel admitted in oral argument to this Division that there was no newly discovered documentation, and that all relevant information had been included in the affidavit he submitted to the trial court in opposition to the defendant’s original motion to dismiss.

 Plaintiffs counsel failed even to attempt to serve the agent of the defendant during the two years and three month delay in question, even knowing that the agent served as the attorney for the defendant at the foreclosure sale.