WILBUR M. BELL *vs.* JOHN Q. A. PIERCE.

Middlesex.    November 15, 1887. — January 9, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bail Bond — Validity — Assignment — Sheriff.*

A bond, invalid as a bail bond under the Pub. Sts. c. 163, § 2, as not made to the sheriff or other officer, may be effective on acceptance by the obligee.

An obligee on an invalid bond to release from arrest, who repudiates it when brought to his knowledge, and when the sureties could have surrendered the principal debtor, cannot, on payment of the judgment by the sheriff, assign the bond to him so as to bind the sureties.

CONTRACT on a bond executed by the defendant and others as sureties, and by Frank T. Fay as principal, reciting that they were " holden and stand firmly bound unto Wilbur M. Bell," and conditioned that Fay, who had been arrested on mesne process in an action of contract in which Bell was also plaintiff, should

appear before the Superior Court, abide its final judgment, and not avoid. The bond was approved by a master in chancery.

Trial in the Superior Court, before *Knowlton*, J., without a jury, who found the following facts:

The bond declared on was executed by the defendant and his co obligors as and for a bail bond for the purpose of relieving Frank T. Fay from imprisonment on mesne process, and was delivered to the jailer as a public officer, who received and accepted the same in his official capacity, and thereupon, deeming it a good and sufficient bail bond, discharged Fay from arrest. Bell, who was also the plaintiff in the original action, resided in Vermont, and all his business here was done by F. E. Crawford, his attorney. Neither Bell nor Crawford saw the bond until after the recovery of judgment in the original action, or ever accepted it. Samuel P. Abbott, an attorney at law, acted for Fay and for the defendant and other sureties upon the bond. Within less than thirty days after judgment was recovered, Abbott, acting for Fay and the sureties upon the bond, saw Crawford at his office in Boston, and told him that Fay was in Boston, and inquired if Crawford wanted Fay in this matter, and was answered in the negative. He also spoke about having Fay delivered into the jail, and Crawford replied that in case of such delivery he should treat Fay as an outsider, and should have nothing to do with him, and that in any event he should hold the sheriff responsible for his judgment. Abbott also applied to the clerk of the Superior Court for a copy of the bail bond, with a view to the surrender of Fay within thirty days after the judgment, but was unable to obtain it because no proper bond had been filed. The sureties upon the bond desired to surrender Fay to relieve themselves from liability, and would have so surrendered him if the bond had been in proper form, or if the plaintiff would have accepted the body of Fay and discharged them from liability. Subsequently the sheriff took an assignment of the judgment in favor of said Bell against said Fay, and paid the amount thereof, and also took an assignment of the bond, and brought and is now prosecuting this suit in the plaintiff's name for his own benefit.

On these facts, the judge found for the defendant, and the plaintiff alleged exceptions.

*A. S. Hall*, for the plaintiff.

*B. B. Johnson*, for the defendant.

C. ALLEN, J. The bond was not valid as a bail bond, since it ran directly to the plaintiff in the action, and not to the sheriff or other officer. Pub. Sts. c. 163, § 2. The approval of the master in chancery, therefore, signified nothing. But the bond might be valid at common law, if approved and accepted by the obligee. *Pratt* v. *Gibbs*, 9 Cush. 82. An actual or implied acceptance is essential, in order to constitute a delivery. *Hawkes* v. *Pike*, 105 Mass. 560. *Chase* v. *Breed*, 5 Gray, 440. 4 Kent Com. 454. Met. Con. 14. In the present case, the plaintiff never authorized nor ratified the taking of the bond; on the other hand, he always repudiated it. Up to the time of the assignment, he obviously intended to do no act to accept or ratify it, and declared, by his counsel, that in any event he should hold the sheriff responsible for the judgment. He thus treated the bond as invalid at a time when, if valid, the sureties could and would have saved the condition by surrendering their principal. It was too late afterwards to make it valid and binding upon them by an act done without their consent and to their injury. Under the circumstances, the assignment of the bond to the sheriff, upon the payment by the sheriff of the amount of the judgment, could not have the effect to give vitality to a bond which up to that time was invalid.         *Exceptions overruled.*