ASHMAN T. GRAVES & another *vs.* HELEN M. APT.

Franklin.   September 16, 1919. — October 10, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Bond,* To secure release from arrest.  *Contract,* In writing.  *Evidence,* Extrinsic affecting writings.  *Practice, Civil,* Ordering verdict.  *Words,* "Avoid."

A bond given by a defendant arrested on mesne process to secure his release from arrest, which was not good as a statutory bond under R. L. c. 169, § 2, but was executed voluntarily by the defendant and was accepted at least impliedly by the plaintiff, was *held* to be valid as a contract at common law.

In an action against the surety on the common law bond mentioned above, it appeared that the condition of the bond was that the defendant released from arrest "shall appear before the Justices of the said Court to be holden as aforesaid and answer to the plaintiff in said action and shall not avoid." The defendant surety offered to show that, before signing the bond, she said in substance that she did not in any way desire to make herself liable for the judgment. The trial judge excluded the evidence. *Held,* that the exclusion was right, as the defendant surety could not thus control or vary the obligation of the contract in writing.

In the same case it was *held,* that, assuming that the words "shall not avoid" were of doubtful meaning, the circumstances under which the contract was executed and the facts to which it related could be considered in order to apply this language in accordance with the intention of the parties, such facts in the present case being before the court and undisputed.

In the same case it was *held* that by the proper construction of the words "shall not avoid" in the condition of the bond quoted above the surety was bound to have her principal in court when judgment should be obtained and execution issued against him, so that execution might be levied upon him.

At a trial where the facts are not in dispute the presiding judge properly may order a verdict for the plaintiff upon a ruling of law.

CONTRACT against the surety on a bond given to secure the release from arrest on mesne process of Allan W. Allcutt in an

action of tort in the Superior Court brought against him by the plaintiffs for the conversion of a carload of apples, in which action the plaintiffs recovered judgment in the sum of $1,029.02 and costs, for which execution issued and was returned unsatisfied. Writ dated August 9, 1917.

In the Superior Court the present action was tried before *Jenney,* J. The bond sued upon was signed by Allan W. Allcutt as principal and Helen M. Apt as surety. It was dated November 9, 1915. The penalty was $1,500. The recital and condition were as follows:

"The condition of this obligation is such that whereas the said Allcutt has been arrested on mesne process in an action of tort, wherein Ashman T. Graves and Wilson A. Graves are plaintiffs and the said Allan W. Allcutt is the defendant the writ in which action is dated November the eighth A. D. 1915 and returnable before the justices of the Superior Court next to be holden at Greenfield in said County of Franklin on the first Monday of December next.

"Now therefor if the said Allan W. Allcutt shall appear before the Justices of the said Court to be holden as aforesaid and answer to the plaintiff in said action and shall not avoid then this obligation shall be void otherwise it shall remain in full force and virtue."

The exclusion of the evidence offered by the defendant to show what she said before signing the bond as surety is described in the opinion. At the close of the evidence the defendant made a motion in writing that a verdict be ordered for the defendant. The judge denied the motion. The defendant also asked the judge to make the following rulings, besides another which was made by the judge:

"1. That upon all the evidence the plaintiffs are not entitled to a finding.

"2. That the condition in the bond signed by the defendant does not make her liable for the amount of the judgment in the case of Graves *et al. vs.* Allcutt.

"3. That the defendant Allcutt having appeared and defended the case, in which he was defendant, in which the bond was given, the defendant Apt was released from any and all liability on account of said bond."

The judge refused to make any of these rulings, and instructed

the jury that on the evidence in the case there had been an avoid-ance, and ordered a verdict for the plaintiff in the penal sum of the bond, $1,500. The defendant alleged exceptions.

*F. J. Lawler*, for the defendant.

*W. A. Davenport*, (*C. Fairhurst* with him,) for the plaintiffs.

DE COURCY, J. One Allan W. Allcutt was arrested on mesne process in an action of tort brought by the present plaintiffs. He secured his release by giving a bond, on which this defendant was a surety. Judgment was recovered against Allcutt in the sum of $1,029.02, but the execution issued thereon was returned "unsatisfied;" the officer's return showing that he was unable to find Allcutt or any property belonging to him. This action is brought against the surety on the bond to recover the amount of said judgment.

Admittedly the bond is not a good statutory bond, as it does not comply with the requirements of R. L. c. 169, § 2. But as it was voluntarily executed by the defendant, and at least im-pliedly accepted by the plaintiffs, it is a valid bond at common law, on the principle stated in *Bank of Brighton* v. *Smith*, 5 Allen, 413, "that although the instrument may not conform to the special provisions of a statute or regulation in compliance with which the parties executed it, nevertheless it is a contract voluntarily entered into upon a sufficient consideration, for a purpose not contrary to law, and therefore it is obligatory on the parties to it in like manner as any other contract or agreement is held valid at common law." *Bell* v. *Pierce*, 146 Mass. 58.

The condition of the bond is that Allcutt "shall appear before the Justices of the said Court to be holden as aforesaid and answer to the plaintiff in said action and shall not avoid." In determining the obligation of the defendant on this instrument we must, of course, be governed by the ordinary and reasonable meaning of the language the parties employed. The trial judge rightly excluded the proffered testimony that Mrs. Apt before signing the bond, said in substance that she did not in any way desire to make herself liable for the judgment. She could not thus control or vary the obligation of the written contract, which was intended to be the complete and final record of all the terms agreed upon. Assuming that the clause "shall not avoid" is of doubtful mean-ing, the circumstances in which the contract was executed

and the facts to which it related properly could be considered, in order to apply this language in accordance with the intention of the parties; and these facts were all before the court and undisputed. *Strong* v. *Carver Cotton Gin Co.* 197 Mass. 53, 59, and cases cited. *Warner* v. *Brown,* 231 Mass. 333.

The obligation of the defendant called for something more than the presence of Allcutt at the trial of the original action. That requirement was explicitly provided for by the language "shall appear . . . and answer." On the other hand, it well may be that the parties did not use the words "shall not avoid" as equivalent to "shall . . . abide the final judgment of the court;" both of which clauses appear in the usual statutory bond provided for by R. L. c. 169, § 2. But we think a reasonable construction of the language is, that it obligated the surety to have her principal in court when judgment should be obtained and execution issued against him. The very object of the parties in executing the bond was to give the plaintiffs a substitute for the body of Allcutt, who was then held under arrest on mesne process. An accepted definition of "avoid" is "to evade or escape." 6 C. J. 874. Apparently the word is used in that sense in § 7 of the statute, which provides, "In case of the avoidance of the principal and a return on the execution that he has not been found, . . . his bail shall satisfy the judgment." The early statute, St. 1784, c. 10, § 2, reads: "when the principal shall avoid, so that his goods, lands, or chattels cannot be found to satisfy the execution, nor his body found to be taken therewith, the person for whom judgment was given, shall be entitled to his writ of *scire facias* from the same court against the bail." See also 1 Prov. St. 1693–4, c. 1. Indeed to construe the words "shall not avoid" as not covering the failure of the debtor to appear so that execution may be levied upon him would be to defeat the obvious purpose of the bond in question and render it ineffective.

There was no error in the refusal to give the rulings requested by the defendant; nor in directing a verdict for the plaintiff, as the facts were not in dispute.

*Exceptions overruled.*