### ROBERT D. DOUGLASS & others *vs.* SAMUEL MUSSMAN.

Suffolk.  February 17, 1922. — March 1, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Contract,* Modification, Performance and breach.

A merchant made a contract in writing with the publisher of a mercantile reference book and reports which "requested" the publisher to place the reference book in the merchant's keeping and required the merchant to "pay in advance $100 for one year's services of" the publisher "together with the use of the said Reference Book." The contract stated that it was signed on a May 14 and was dated July 1, 1919. No payment or offer of payment ever was made by the defendant. In an action by the publisher against the merchant begun in September, 1920, for the $100 payment, the defendant testified, subject to an exception by the plaintiff, that on the day after the contract was signed an agent of the plaintiff had stated to the defendant that the reference book could not be delivered on July 1, "so you wouldn't have to pay in advance for that book; you have got time to pay from July up to January." A motion by the plaintiff that a verdict be ordered in his favor was denied and the jury found for the defendant. *Held,* that

(1) Assuming, without deciding, that the modification of the contract delaying the payment by the defendant to January, 1920, was authorized by the plaintiff, the defendant still was required to make the payment before performance could be required of the plaintiff;

(2) A verdict should have been ordered for the plaintiff.

At the trial of the action above described, there was uncontradicted evidence tending to show that the plaintiff had attempted to deliver the reference book to the defendant at an address placed under his signature on the contract, and it *was stated* that such a delivery by the plaintiff was performance by him of the provisions of the contract as to delivery of the book, and, in the circumstances, judgment for the plaintiff in the sum of $100 and interest was ordered by this court under G. L. c. 231, § 123.

CONTRACT, by Robert Dun Douglass, Francis L. Minton and Archibald W. Ferguson of the city of New York, doing business

under the style, R. G. Dun and Company, for breach of contract in writing described in the opinion. Writ dated September 21, 1920.

In the Superior Court, the action was tried before *Morton*, J.

The provisions in the contract as to payment by the defendant were as follows:

"4. We will pay in advance One Hundred Dollars, for one year's services of R. G. Dun & Co., from the date hereof, together with the use of the said Reference Book, pursuant to the foregoing conditions, and such other sum annually thereafter, as may be agreed upon between us, verbally or otherwise, subject always to the conditions and obligations of this agreement."

The provisions relating to the reference book were as follows:

"3. R. G. Dun & Co., are hereby requested to place in our keeping, for our exclusive use, a printed copy of a Reference Book, containing ratings or markings of estimated capital and relative credit standing of such business men, in such States as may be agreed upon, prepared by them, or the agents, servants, clerks, attorneys and employees aforesaid. We agree that upon the delivery to us of any subsequent edition of the Reference Book, the one now placed in our hands shall be surrendered to them, and also that upon the termination of our relations as Subscribers, the copy then remaining in our hands shall be delivered by us to R. G. Dun & Co., it being clearly understood and agreed upon that the title to said Reference Book is vested and remains in R. G. Dun & Co."

The closing paragraphs of the contract were as follows:

"10. The Subscriber agrees to accept as the aforesaid Reference Book Eastern Edition, issued in July 1919 and January 1920.

"This agreement is dated the first day of July 1919 and is signed on this 14th day of May 1919.

[signed]     Samuel Mussman
                    786 Washington St."

The evidence relating to delivery of the reference book was as follows: Harry G. Mills, a witness for the plaintiffs, testified "that he called on the defendant and that the defendant signed the contract in his presence, that 786 Washington Street, the address which appears under defendant's signature at the bottom of the contract, was the address given him by Mussman, the defendant,

and that afterwards he handed the contract into the Boston office of the plaintiffs." Donald McNiven, cashier at the plaintiffs' Boston office and in charge of contracts, testified "that the plaintiffs were ready and willing between July 1, 1919, and July 1, 1920, to carry out the terms of the contract and that the defendant did not at any time ever furnish the plaintiffs with any other address than 786 Washington Street and that the plaintiffs never received payment from the defendant of the $100." David H. Hunter, a witness called in behalf of the plaintiffs, testified "that he had charge for the plaintiffs of the receiving, distributing and keeping a record of the reference books delivered to subscribers; that some time in July, 1919, he directed a book of the plaintiffs to the defendant at 786 Washington Street and delivered it to the teamster who had that route to deliver and that the book which was sent in July, 1919, to the defendant at 786 Washington Street was the eastern edition reference book of the plaintiffs as called for in the contract, that he called at the defendant's place of business in November, 1919, and found it closed, and that he got the reference book back from J. Gordon & Company, who had a place next door to the defendant at 786 Washington Street."

Other material evidence and exceptions saved by the plaintiffs are described in the opinion. There was a verdict for the defendant; and the plaintiffs alleged exceptions.

*F. D. Healy,* for the plaintiffs.

No argument or brief was submitted for the defendant.

De Courcy, J. By the terms of the written agreement signed by the defendant, he was to receive a reference book containing ratings of business men, and reports concerning the mercantile standing and credit of merchants, manufacturers, etc. within a certain territory, on request. The contract was signed May 14, and dated July 1, 1919; and the defendant agreed thereby to pay in advance $100 for the year beginning July 1. This action was brought on September 21, 1920, to recover such payment.

Under the exception of the plaintiffs the trial judge allowed the defendant to testify that on the day after the contract was signed, one Wills, an employee of the plaintiffs, said to him over the telephone: "Mr. Mussman I believe that I won't be able to deliver you the book in time July first, so you wouldn't have to pay in advance for that book; you have got time to pay from July

up to January." We find it unnecessary to consider the extent. of Wills's authority to bind his employers. Even assuming that the above telephone conversation was binding on the plaintiffs. (see *McNicholas* v. *Prudential Ins. Co. of America,* 196 Mass. 565, 570, 571), its effect at most was to extend the time for payment of the $100 from July 1, 1919, to January 1, 1920. As we construe the contract and conversation the money was then payable in advance, and delivery of the book was not required until such payment.

Moreover on the uncontradicted evidence the plaintiffs had then complied with all the requirements of the contract. They had sent the reference book in July, 1919, to 786 Washington Street, the address appearing under the defendant's signature on the contract. This action was not begun until the following September.

The motion that a verdict be directed for the plaintiffs should have been granted: and in accordance with G. L. c. 231, § 123, judgment is to be entered in their favor in the sum of $100 with interest from the date of the writ.

*So ordered.*