THE TUDOR PRESS, INC. *vs.* UNIVERSITY DISTRIBUTING COMPANY.

Middlesex. October 8, 9, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract*, Novation. *Sale*. *Evidence*, Presumptions and burden of proof. *Payment*.

In an action upon a contract, novation is an affirmative defence as to which the defendant has the burden of proof.

Even if a seller of goods knew that a third person had assumed the purchaser's liability, and was willing to receive payment from the third person, a finding would not be required that there was a novation, to constitute which it was necessary that the seller release the purchaser from liability and accept the third person as debtor.

In an action for goods sold, a finding for the plaintiff was warranted by evidence that the goods were sold to the defendant in accordance with the previous course of business between them and delivered before the plaintiff knew of a third person's taking over the defendant's business, though there was no written order for the goods and the third person in fact received them.

If a debtor does not specify how a payment shall be applied, the creditor may apply it as he chooses.

CONTRACT. Writ dated July 19, 1933.

The action was heard in the Superior Court without a jury by *Walsh*, J., who found for the plaintiff in the sum of $10,228.77. The defendant alleged exceptions.

*A. P. Stone,* for the defendant.

*H. Snyder,* (*S. L. Bailen* with him,) for the plaintiff.

QUA, J.   The first and second counts, upon which the judge found for the plaintiff, declare for the purchase price for various shipments of picture puzzles sold and delivered by the plaintiff to the defendant from February to May, 1933.   The defendant excepts to the granting of rulings requested by the plaintiff, to the refusal of rulings requested by the defendant and to a finding of the judge that certain puzzles referred to in the fifth item of the plaintiff's account annexed were ordered and delivered and that the charge therefor is fair and reasonable.

The defence is based principally upon an alleged novation whereby it is contended that the plaintiff agreed to accept as its debtor a new corporation known as the University Manufacturing Company and to release the defendant.   The manufacturing company was organized by officers of the defendant.   On April 28, 1933, it took over the defendant's picture puzzle business and agreed with the defendant to assume and pay the defendant's accounts payable arising after March 31, 1933.   There was no evidence of any formal notice to the plaintiff of this transaction. The plaintiff's president, who could be found to have been in general charge of its affairs, testified that he did not know that the defendant had sold its business until July, which was after all deliveries had been made; that although he had heard the title University Manufacturing Company about April 29, he did not know it was a new corporation; that he had been told the name only had been changed, and "thought it was simply the old corporation that had changed its name."   There was also other evidence in the form of letterheads, letters, and invoices from the plaintiff, from which an inference could be drawn that the plaintiff did know that there was a new corporation.   The judge found that there was no novation as to the items contained in the first and second counts.

Novation, like other forms of payment, discharge or modification of existing liability, is an affirmative defence as to which the defendant has the burden of proof.   *McCarthy*

v. *Simon*, 247 Mass. 514, 521. *Pearson* v. *O'Connell*, 291 Mass. 527, 529. *Cutting* v. *Whittemore*, 72 N. H. 107. We find nothing in the record which prevented the judge from believing the plaintiff's president or which as matter of law required a finding that the defendant had maintained the burden of proof. At most it was a question of fact. Even if the plaintiff did know that a new corporation had assumed the defendant's bills, and even if the plaintiff was willing to accommodate its debtor by splitting its invoices as of the date of assumption and stood ready to receive payment from the new corporation, if payment should be offered, it does not necessarily follow that there was a novation. There is no novation until the creditor accepts the new debtor in full substitution for the former one and thus completely releases the old debt. *Stowell* v. *Gram*, 184 Mass. 562. *Slotnick* v. *Smith*, 252 Mass. 303. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 365. *Coral Gables, Inc.* v. *Granara*, 285 Mass. 565. Of course we agree with the defendant that the question whether a novation has been proved, as in the case of any other contract, is not to be determined by the secret thought or unexpressed intent of any of the parties, but is to be determined by the intent as expressed by words and acts of all the parties in the light of the circumstances. *O'Donnell* v. *Clinton*, 145 Mass. 461, 463. *Higgins* v. *Shepard*, 182 Mass. 364, 367. *Beatty* v. *Ammidon*, 260 Mass. 566, 574. *Globe Ticket Co.* v. *Boston Retail Grocers' Association*, 290 Mass. 235, 238. Nevertheless we see nothing in the case which required a finding in the defendant's favor.

There was no error of law in allowing the plaintiff to recover for the fifth item in its account annexed. The plaintiff's president testified in substance that all the goods to which the account relates were sold and delivered to the defendant in the usual course of business. Lack of a written order for this item is not decisive. The testimony of the plaintiff's president, admitted without objection, could be found to mean that these goods, like the others in the account, had been ordered by the defendant and that the price charged was the amount due. Even if the manufacturing

company and not the defendant in fact received part of them, it could be found that delivery was made before the plaintiff knew of the existence of the manufacturing company and in accordance with the established course of dealing between the plaintiff and the defendant.

The judge was not required to find that a payment by the defendant on account of $1,702.70 paid the first item in the plaintiff's account annexed. He could accept the testimony of the plaintiff's president that he applied this payment to items previous to those set forth in the declaration, leaving a balance to apply generally as a credit against the items included in the declaration. Where the debtor makes no definite application of a payment the creditor may apply it. *Washington Bank* v. *Prescott*, 20 Pick. 339, 343. *Henry Bill Publishing Co.* v. *Utley*, 155 Mass. 366.

As G. L. (Ter. Ed.) c. 106, § 1, relating to sales of merchandise in bulk, has nothing to do with the questions in the case and no bearing upon the finding made, it is not necessary to discuss requests for rulings based upon it.

In view of the findings made and the true issues involved, we see no material error in the manner in which the judge dealt with the case.

*Exceptions overruled.*