No. 117005 Municipal Suffolk, ss.

IDA CLAIRE, INC. (Bernard Kaplan)
v. STAPLES (Frank G. O'Neil)

From the Municipal Court of Boston—Riley, J.
Argued October 21, 1940—Opinion Filed July 1, 1941

BARRON, J. (Putnam, C.J., & Keniston, J.)—This is an action of contract to recover $213.25, balance due for goods sold and delivered to the defendant at her request from September 20, 1938 to and including October 7, 1938.

At the trial, it was agreed that the plaintiff had sold to the defendant at defendant's request, the merchandise as set forth in plaintiff's declaration and that said goods had been delivered and the price charged therefore was reasonable.

It was further agreed that on or about January 9, 1937 the defendant was adjudicated a bankrupt; that in her list of creditors was contained the name of the plaintiff and the amount of debt due the plaintiff was $934.

It appears from evidence contained in the report that after January 9, 1937 the defendant continued to purchase merchandise from the plaintiff on credit; that the plaintiff credited payments received after January 9, 1937 first to the payment of the sum of $934 which was the amount due to the plaintiff from the defendant at the time she went into bankruptcy; that payments in excess of $934 were applied on the charges made after January 9, 1937, so that on and after September 6, 1939 there remained a balance due on the books of plaintiff, the sum of $213.25 as alleged in planitiff's declaration; that on or

about September 8, 1939, the plaintiff received from the trustee in bankruptcy of the defendant's bankrupt estate as a dividend on plaintiff's claim of $934 the sum of $72.85.

The court found for the plaintiff on the declaration.

The defendant claimed to be aggrieved by the court's refusal to grant certain rulings requested by her. However, an examination of the requests which were not briefed by the defendant does not reveal any miscarriage of justice.

It is clear from the evidence that payments were made by the defendant to the plaintiff in excess of $934, which excess moneys paid for all merchandise purchased after January 9, 1937, excepting charges of $213.25. If the plaintiff had applied the sum of $213.25 out of said $934 received from the defendant toward the payment of said balance, there would still have been paid to him by the defendant $720.25 in excess of all purchases made after January 9, 1937.

For what purpose did the defendant make this payment of at least $720.25 to the plaintiff? What was to have been the disposition of said money? Was this an advance payment? Was the plaintiff to hold it until the defendant made some purchases, some time in the distant future, and then deduct from said sum payment for said purchases; or if defendant made no further purchases, what was to become of said money? How long was it to be held by the plaintiff?

There was no evidence presented as to any agreement between the plaintiff and defendant as to the disposition of such excess monies.

Clearly the trial judge was warranted in drawing an inference that said monies, i.e. $934 were paid by the defendant to the plaintiff for the express purpose of being applied to the debt due the plaintiff, prior to January 9, 1937, the date of bankruptcy. Otherwise, there was no adequate reason for the plaintiff to make such payment.

A reasonable inference to be drawn is that the plaintiff would not have advanced further credit after bankruptcy unless the prior debt had been paid by the defendant.

From the acts of the parties in the light of the circumstances the court could draw the conclusion that the money paid was to be applied to the old debt existing prior to bankruptcy. The Tudor Press, Inc. v. University Distributing Co., 292 Mass. 339.

"A creditor receiving payments from his debtor without any direction as to their application, may appropriate them to any debt which he holds against him, and which is not illegal, even if it would not support an action, or because a right of action once existing has been barred." Townsend v. Hargraves, 118 Mass. 325.

The defendant also claims to be aggrieved by the court's refusal to grant a request that he is entitled to a credit of $72.85 which was received as a dividend in bankruptcy. This was not error.

The plaintiff having received full payment from the defendant for the debt incurred prior to bankruptcy is answerable not to the defendant but to the trustee in bankruptcy for the dividend remitted to him by the trustee. *Remington on Bankruptcy*, Sec. 2864. The trustee is vested by operation of law with the title of the bankrupt's property. *Bankruptcy Act*, Sec. 70. It is only after all creditors' claims have been paid in full that any balance remaining shall be paid to the bankrupt. *Bankruptcy Act*, Sec. 66 b.

Inasmuch as a dividend of only $72.85 was remitted to the plaintiff on his claim of $924 it would appear that all other creditors received but a small portion of their claims; and inasmuch as they were not paid in full, no balance would be due the defendant bankrupt even if he sought to recover same in a proper proceeding.

Report dismissed.