FRANCIS COMPANION *vs.* MICHAEL P. COLOMBO
(and three companion cases[1]).

Essex. Middlesex. January 6, 1959. — March 5, 1959.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Motor Vehicle*, Registration. *Evidence*, Presumptions and burden of proof.

At the trial of actions against the operator of an automobile by the op-
erator of a tractor-trailer unit, the owner of the tractor, the owner of
the trailer, and a lessee of the trailer to recover damages arising out
of a collision between the defendant's automobile and the tractor-
trailer unit upon a public way, the burden of proving that the plain-
tiffs respectively were trespassers on the way as alleged in the de-
fendant's answers was on the defendant. [623]

Evidence warranted findings that a resident of Massachusetts, the owner
of the tractor of a tractor-trailer unit, which tractor was registered in
New York but not in Massachusetts and was used to transport loads
under a contract with a lessee of the trailer between Somerville, Massa-
chusetts, and Syracuse, New York, and other places, making approxi-
mately three trips a week, had a bona fide place of business in Syra-
cuse, where he had an address at a truck terminal, did all his book-
keeping, mailed his bills to the lessee of the trailer, received his com-
pensation, and paid his helper, and that the tractor was customarily
garaged in Syracuse, where most of the repairs on it were performed;
and a ruling of law that the tractor was not lawfully operated on a
public way in Massachusetts under G. L. c. 90, §§ 3, 9, at the time of
a collision between the tractor-trailer unit and an automobile was
error. [623–624]

FOUR ACTIONS OF TORT. Two writs in the Superior Court
dated April 1, 1953, and two writs in the District Court of
Central Middlesex dated August 17, 1953, and December 7,
1953, respectively.

[1] The companion cases are by Anthony Felix, Western Express Company,
Inc., and Trucklease, Inc., respectively, against the same defendant.

Upon removal of the District Court actions to the Superior Court, all the actions were consolidated and tried before *Paquet,* J.

*Edward R. Butterworth,* for the defendant.

*Burton A. Shaker,* for the plaintiffs Companion and another.

*John P. Morgan,* for the plaintiffs Western Express Company, Inc., and another.

SPALDING, J. These are four actions of tort arising out of a collision between an automobile driven by the defendant Colombo and a tractor-trailer unit operated by the plaintiff Companion. The tractor of this unit was owned by the plaintiff Felix. The trailer was owned by the plaintiff Trucklease, Inc., hereinafter called Trucklease, and leased to the plaintiff Western Express Company, Inc., hereinafter called Western. Companion seeks to recover for personal injuries sustained in the collision; Felix for the damage to his tractor; Western for damage to the trailer and its contents and loss of use; and Trucklease for damage to its trailer and loss of use.

In each case the answer of the defendant set up, among other things, the defence that the plaintiff was a trespasser on our ways. In each case a verdict for the plaintiff was returned which was recorded under leave reserved.[1] Thereafter the judge allowed motions for the entry of verdicts for the defendant in the Companion and Felix cases, subject to the plaintiffs' exceptions. Motions for the entry of verdicts for the defendant in the Western and Trucklease cases were denied, subject to the defendant's exceptions.

The defendant concedes that findings of negligence on his part and due care on the part of the plaintiffs were warranted. The question for decision is whether some or all

---

[1] The verdicts returned for Western and Trucklease were for different amounts. Conceivably Western's verdict was for damage to its interest and Trucklease's verdict was for damage to its reversionary interest. But, however that may be, no question is presented here as to the right of either to recover apart from the question of imputed illegality because of the alleged illegal registration of the tractor. Hence, questions as to the respective rights of a bailor and bailee to recover are not here involved. See *Belli* v. *Forsyth,* 301 Mass. 203; *Associates Discount Corp.* v. *Gillineau,* 322 Mass. 490.

of the plaintiffs are precluded from recovery as matter of law because the tractor was not registered here. The judge in effect ruled that the plaintiffs Companion and Felix were so precluded, but that Western and Trucklease were not.

The jury could have found these facts: The collision occurred on a public way within the Commonwealth on January 23, 1953. On that date Felix, the owner of the tractor, resided in Methuen, Massachusetts, and had lived there for three years prior to the accident. He purchased the tractor in this Commonwealth. The tractor was registered by Felix in New York but not in Massachusetts. The New York registration set forth Felix's place of business as 103 North Beach Street, Syracuse, New York, and his residence as 66 Tower Street, Methuen, Massachusetts. Felix paid income taxes in Massachusetts, but not in New York.

At the time of the accident Felix was operating under a contract with Western by the terms of which he was required to furnish his services, the services of a helper, and his tractor to transport loads between the eastern terminal of Western in Somerville and points in the States of New York, Pennsylvania and Ohio. He made approximately three trips a week between Somerville, Syracuse and Cleveland, the western terminal of Western. Felix and Companion spent an average of one night a week at their homes in Massachusetts; on other nights they slept in the tractor.

Felix's Syracuse address was a truck terminal. He maintained no office there; and did not have any employees there; nor did he have a telephone or business directory listing there. However, most of the repairs on the tractor were performed there and Felix mailed all his bills to Western's headquarters in Cleveland from Syracuse; he also received his compensation there. He did all his bookkeeping in Syracuse, and paid his employee Companion there. "He had a license to operate in New York."

The trailer was registered by Trucklease in Ohio but not in Massachusetts.

1. It is clear that no one is permitted to have his motor

vehicles operated on the ways of this Commonwealth without registration here, except as authorized by G. L. c. 90, § 3. G. L. c. 90, § 9. See *Rummel* v. *Peters*, 314 Mass. 504, 509. Since Felix was a resident of this Commonwealth the only provision of § 3[1] here relevant is the last paragraph which reads as follows: "A corporation organized under the laws of this commonwealth, or a person resident therein, having a place of business in another state or a foreign country shall, with respect to the operation upon the ways of this commonwealth of a commercial motor vehicle, trailer or semi-trailer which is used in connection with such place of business, is customarily garaged in such other state or foreign country and is registered therein, have the rights and privileges and be subject to the obligations imposed by this section."

Under this statute a resident of this Commonwealth who owns a motor vehicle which is not registered here can lawfully operate it on the ways here only if he meets the following requirements: (1) he must have a place of business in another State or foreign country; (2) the vehicle must be a commercial motor vehicle, trailer, or semi-trailer, and must be used in connection with the place of business; (3) the vehicle must be customarily garaged in the jurisdiction in which the place of business is located; and (4) it must be registered there.

Here the dispute centers only upon whether Felix had a bona fide place of business in Syracuse and whether the tractor was customarily garaged there. The burden of establishing absence of legal registration was on the defendant. *Brewer* v. *Hayes*, 285 Mass. 144, 145. *Burns* v. *Winchell*, 305 Mass. 276, 278. It is rarely that it can be ruled as matter of law that the burden of proof has been sustained. This is especially true where, as here, the evidence to sustain that burden is oral. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. Here there was evidence to warrant findings by the jury that Felix had a

---

[1] See St. 1941, c. 282.

bona fide place of business[1] in Syracuse and that the tractor was customarily garaged there. It could not, therefore, be ruled, as matter of law, that the tractor was a trespasser on our ways. The question was one of fact for the jury and it was error to enter verdicts for the defendant in the Companion and Felix cases.

2. We turn now to the verdicts in favor of Western and Trucklease, which are challenged by the defendant. The basis of this challenge is this: The tractor, because not registered here, was illegally on our highways and hence a trespasser; this illegality infected the trailer so that, although lawfully registered in Ohio, it too became a trespasser on our ways. In view of our lack of enthusiasm for the trespasser doctrine (as indicated in the recent case of *Comeau* v. *Harrington*, 333 Mass. 768) we should be very reluctant to extend it in this manner. But the short answer is that the premise on which the defendant's argument is based (that the tractor was a trespasser on our ways as matter of law) is not valid, as we have demonstrated above.

3. The exceptions in the Companion and Felix cases must be sustained and judgments are to be entered on the verdicts returned by the jury. The exceptions in the Western and Trucklease cases are overruled.

*So ordered.*

---

[1] See *Collector of Taxes of Boston* v. *New England Trust Co.* 221 Mass. 384, 388.