*Northern Division*

No. 7110

## ARTHUR L. ROBBINS

v.

## REPUBLIC FOIL, INC.

Argued: July 30, 1969.  Decided: Oct. 14, 1969.

*Present:* Connolly, J. (Presiding), Parker, Yesley, J.J.

Case tried to *Rizzotto, J.,* in the District Court of Somerville No. 9201.

*Parker, J.* Two actions involving the same substantive issues were remanded from the Superior Court to the District Court of Somerville. The declaration in each case alleges the plaintiff entered into an *oral contract with Consolidated Bag and Foil Corporation,* the defendant's predecessor, whereby the corporation agreed to pay the plaintiff royalties in a sum equal to one per cent of the sales made in a prescribed territory by it of flat bottom paper lunch bags, packaged in units of fifty each, in exchange for the plaintiff giving the corporation certain records and promising to refrain from the sale thereof on his own account. The declaration further alleges that subsequent to this the corporation was taken over by the defendant and the defendant became obligated by way of novation to pay and did pay, such royalties to the plaintiff from the time it took

over the business of the corporation until 10 May 1967. The first action is for royalties on sales made in June and July 1967. The second action is for royalties on sales during August, September, October and December 1967. The answer in each action was a general denial, and the Statute of Frauds. The two actions were tried together.

*At the trial there was evidence tending to show the following:* The plaintiff, a specialist in the field of selling to supermarkets packaging and wrapping materials, approached Consolidated Bag and Foil Corporation through its President, Ginsberg, and its Vice President, King, pointing out a potential market in flat bottom paper bags packaged in units of fifty, and labeled "lunch bags". At the end of December, 1960 Consolidated Bag and Foil Corporation, through its said president and vice president orally agreed with the plaintiff that the corporation would package flat bottom lunch bags in units of fifty each for distribution or sale to supermarkets in New England, provided the plaintiff would no longer package and sell the same on his own account in the same area. Under the agreement the plaintiff would be paid by the corporation as royalties, a sum equal to one per cent of the gross sales made by the corporation each month throughout the New England States. There were certain exceptions not material to this case. There was also evidence from which it could be found that

the payment of the royalties would be made by the corporation *so long as it continued to sell,* and distribute the said paper bags in New England. The plaintiff refrained from packaging and selling the paper bags and was paid royalties by the corporation until April 1961.

On 1 April 1961 the defendant by a written contract took over certain assets and liabilities of the corporation but did not acquire the corporation itself. Under this written contract between the corporation and the defendant the defendant *did not assume any liability or obligation of the corporation* to the plaintiff. The defendant paid the plaintiff one per cent royalties monthly from at least February 1962 to 10 May 1967.

There was evidence that, when the plaintiff learned of the take over of the corporation by the defendant, one King, told the plaintiff that everything would go on as it had in the past.

During the times of the payment of these royalties the plaintiff continued to refrain from selling the lunch bags on his own account. The report does not state what position, if any, King held with the defendant. However, the defendant in its brief and in argument stated that King was the "Defendant's Manager" and that "Mr. King of defendant" made a statement that "everything will go on as it has in the past". Since the defendant has made these admissions and relied on them before us we shall consider that King was the General

Manager of the defendant when he made the statement.

In the first action the Court found for the plaintiff in the sum of $208.66 and in the second action for the plaintiff in the sum of $627.20.

The defendant seasonably filed eleven (11) requests for rulings. In his brief and before us he claimed to be aggrieved only by the court's action on requests 1, 2, 3, 4 and 6. These requests and the court's action on them are as follows:

#1:—The evidence warrants a finding for the defendant. *Denied.*

#2:—The evidence does not warrant a finding for the plaintiff. *Denied.*

#3:—Where the plaintiff seeks to recover from the defendant based on an alleged contract originally made between plaintiff and a third party. Consolidated Bag and Foil corporation (hereafter referred to as "Consolidated"), plaintiff cannot recover against defendant unless there is a "novation" of that contract, and in order for there to be such a novation there must be:

(a) An existing valid original obligation between plaintiff and the third party

(b) An agreement of the plaintiff, the defendant and third party Consolidated to a new substitute contract between plaintiff and defendant

(c) An extinguishment of the original contract

(d) A valid new contract between plaintiff and defendant. *Allowed. However, I find that*:

I. A valid original obligation existed between the plaintiff and the third party, Consolidated Bag and Foil Corp.

II. On April 1, 1961 there was an implied agreement of the plaintiff and the third party, "Consolidated" to a new contract between the plaintiff and the defendant in that the defendant by and through its officer, Mr. King, Vice President, advised the plaintiff that, "Everything will go on as it has in the past, only you will get your checks from "Republic" instead of "Consolidated".

III. The defendant continued to pay plaintiff the 1% royalties from April 1, 1961 when it acquired the assets of "Consolidated" until May 30, 1967. I rule that these facts and the conduct of the parties, throughout this period, show an acceptance of the terms of the novation and release of the debtor, "Consolidated".

#4:—The evidence does not warrant a finding of a novation of the original agreement between plaintiff and the third party Consolidated. *Denied.*

#6 is garbled, but we shall treat it as if the words "was the" before "mere payment" were stricken and the word: —the— inserted in its place, so that the request will read as follows:

#6:—Where there was no express novation by the parties of the original contract between plaintiff and the third party Consolidated, and

the defendant corporation acquired certain of the assets and liabilities of that third party, but assumed no contract or obligation between plaintiff, and that third party, the mere payment by defendant to plaintiff of commissions on the same basis as the original contract between plaintiff and Consolidated even with knowledge of that original contract, does not constitute and implied novation of the original contract and does not establish any liability of defendant to plaintiff on that contract. *Denied.* The defendant raises two issues:

(1) Did the trial court err in holding the evidence at the trial warranted a finding that the defendant was liable by way of a "novation" of the original contract between plaintiff and Consolidated Bag and Foil Corporation?

(2) Did the trial court err in holding as a matter of law that the evidence at the trial required a finding for the plaintiff? The question raised by the action of the court on the defendant's requests 2, 3, 4 and 6 is whether on the evidence reported there was a novation upon which the plaintiff should recover, as the court found.

The burden of proving a novation is upon the person advancing it. In the case at bar it is the plaintiff. *Crowell* v. *Moley,* 188 Mass. 116.

If it were the defendant, it being an affirmative defense the burden would be on the

defendant to establish it. *Tudor Press, Inc.* v. *University Distrib. Co.*, 292 Mass. 339, 340.

■ To create a novation there must be an existing valid original obligation, an agreement of all parties to the new contract, the extinguishment of the old contract, and a valid new contract. *Larson* v. *Jeffrey-Nichols Motor Co.*, 297 Mass. 363, 366. *King* v. *American Powder Co.*, 290 Mass. 464, 467.

■ Whether there is a novation or not is a question of fact. *McNulty* v. *Cruff*, 211 Mass. 498. *Slotnick* v. *Smith*, 252 Mass. 303. *Coral Gables, Inc.* v. *Granara*, 285 Mass. 565, 572. *Fauci* v. *Denehy*, 332 Mass. 691, 697.

■ It is not necessary to show an express assent to the substitution of the new agreement. It may be inferred from the circumstances and from the conduct of the parties. *Codman* v. *Beane*, 312 Mass. 570, 575, 576. *Clark* v. *General Cleaning Co., Inc.*, 345 Mass. 62.

■ The report fails to show evidence upon which the court could find that the plaintiff had extinguished the original obligation of Continental to him. On this point the court found "The defendant continued to pay the plaintiff the 1% royalties from April 1, 1961 when it acquired the assets of 'Consolidated' until May 30, 1967. I rule that these facts and the conduct of the parties, throughout this period, show an acceptance of the terms of the novation and a release of the debtor, 'Consolidated'."

The report discloses no evidence of "the conduct of the parties" other than the payment by the defendant and the acceptance of such payments with an accounting from the defendant by the plaintiff during this time. The defendant by the promise made by King acquired no benefit which he did not have before, and the direct beneficiary of the forebearance was Consolidated. *Colpitts* v. *L.C. Fisher Co.*, 289 Mass. 232, 237, and cases cited therein.

The plaintiff has not taken any action to show that he has accepted the defendant in place of Consolidated. All that he has done is to accept payments from the defendant on an accounting of Consolidated's obligation which is not enough to discharge Consolidated. The acceptance of payments by the plaintiff from the defendant does not amount to a novation. *Ribock* v. *Canner*, 218 Mass. 5, 7. *King* v. *American Powder Co.*, *supra*, 467. *Clark* v. *General Cleaning Co., Inc.*, *supra*, 69.

The report fails to disclose any evidence of a release of "Consolidated" by the plaintiff in what he has done, or from the inferences to be drawn therefrom. *Coral Gables, Inc.* v. *Granara*, 285 Mass. 565.

A promise upon which the statute of frauds declares no action may be maintained cannot be made effectual by estoppel, merely because it has been acted upon by the promise and not performed by the promissor. *Brightman* v. *Hicks*, 108 Mass. 246, 248. See *Blanchard* v. *Blanchard*, 122 Mass. 558, 566.

The court was in error in denying the defendant's requests 2, 3, 4 and 6. Accordingly, *the finding for the plaintiff is to be vacated and judgment entered for the defendant.*

In view of our opinion above we do not consider the second issue raised by the denial of the defendant's request #1.

BERNARD WALL

for the plaintiff

BRADLEY RYAN

for the defendant.