*Municipal Court of the*
*City of Boston*
No. 267377

**CAPITOL BANK AND TRUST COMPANY**

**v.**

**FREDERICK S. COWAN**

Argued: Oct. 6, 1972 - Decided: Oct. 13, 1972

*Present:* Adlow, C.J., Gillen, Morrissey, JJ.

Case tried to *DeGuglielmo, J.*

**Adlow, C.J.** Action of contract to recover money paid out by the plaintiff bank to the use of the defendant.

**There was evidence that** the defendant, Cowan, had an account with the Capitol Bank and Trust Company (hereafter referred to as Capitol Bank). On September 1, 1970 Cowan deposited with Capitol Bank six checks in the amount of $7,300.00. These checks were drawn on the Middlesex Bank by Peter Grimes International Inc., and on being deposited, were credited to the account of the defendant, Cowan. On the same day, September 1, 1970, Cowan drew six checks on the plaintiff bank, in the aggregate amount of $7,200.00. These checks were honored by the plaintiff bank on presentment resulting in an overdraft by the defendant Cowan of $7,200.00. On September 8, 1970 the checks originally issued by Peter Grimes International Inc. were returned to Capitol Bank marked "Insufficient Funds". On

this day the Vice President of Capitol Bank, Raymond Grimes, called the defendant Cowan, and notified him that the checks originally deposited to his credit were returned marked "Insufficient Funds". He was advised by Cowan, to get in touch with Peter Grimes. Rourke called Grimes who offered to pay $100 per week until the overdraft was liquidated. Grimes also requested that Capitol Bank not sue the defendant as he would pay said overdraft, but Rourke made no promise or commitment with respect to this request. Later, $1,650.00 was paid to Capitol Bank by a third party who acted at the request of Peter Grimes.

At the close of the evidence the defendant requested the court to rule in effect that the plaintiff could not recover by reason of its negligence in honoring the defendant's checks because it knew or should have known that there were not sufficient funds in the Cowan account to meet the checks. The court denied these requests with the motion — "I do not find that the plaintiff failed to exercise ordinary care". In support of his contention the defendant cites G.L. c. 106, § 4-401. This particular provision of the Commercial Code provides that:

"(1) As against its customer, a bank may charge against his account any item which is otherwise properly payable from that account even though the charge creates an overdraft."

This rule conforms to the general applicable

rule recognizing the right of the drawee bank to recover an overdraft. *Withers* v. *Jefferson Trust Co.*, 123 N.J. Equity 113.

■ As for the contention of the defendant that the plaintiff's right to recover is affected by its own negligence, the language of G.L. c. 106, § 4-212 provides that

> "(4) The right to charge-back is not affected by (b) failure of any bank to exercise ordinary care with respect to the item . . ."

Regardless of the proviso the finding of the court that the plaintiff was not negligent renders immaterial the resort to the above provisions of the Commercial Code.

■ The refusal of the court to find novation was warranted by the evidence. There was not sufficient evidence to warrant such a finding. Nothing in the report indicates even a suggestion of a novation in the dealings between the parties. There is no suggestion of a release of the defendant, no suggestion of a substitution of Peter Grimes International Inc. or Peter Grimes for the defendant Cowan. No debt was released; no new obligation undertaken. Whatever payments were made in liquidation of the debt were made by a third party who appeared in the role of a volunteer. Whether a novation took place was purely a question of fact, *Slotnick* v. *Smith*, 252 Mass. 306, *Tudor Press Inc.* v. *University Distributing Co.*, 292 Mass. 339, 341, *Harvard Electric*

*& Machine Co.* v. *G. & K Provision Co.,* 333 Mass. 678, and the court ruled on the facts that there was none.

This report is without merit. What the defendant's counsel has attempted to accomplish is to convince the court that his client was so unworthy of credit or trust as to make the act of the Capitol Bank in honoring his client's drafts a negligent and blameworthy act. The court, having before it the record of the defendant's transactions over a long period, found otherwise, and found for the plaintiff. **Report Dismissed.**

MARVIN W. KUSHNER of Boston
  for the Plaintiff
EVANS J. CARTER of Boston
  for the Defendant